## UNITED STATES v. McQUILKIN.*
### No. 5981.

Circuit Court of Appeals, Seventh Circuit.

Feb. 10, 1937.

Keith L. Seegmiller, of Washington, D. C., and Michael L. Igoe, U. S. Atty., and Edmond Sullivan, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Edward H. S. Martin and Nicholas Berkos, both of Chicago, Ill., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

In a trial without a jury, the District Court found for appellee in a suit upon a war risk insurance contract.

*Writ of certiorari denied 57 S.Ct. 784, 81 L.Ed. ——.

Appellee's claim for insurance benefits was made April 10, 1919, and denied by letter of the Director, July 26, 1922. Thereupon the right to begin suit accrued. Action was instituted July 6, 1932, almost ten years after the right accrued.

Section 19 of the World War Veterans' Act, as amended, title 38, § 445, U.S.C.A., enacted July 3, 1930, is in part as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date: * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs." It seems clear to us that by this legislation Congress intended to provide that where an action has accrued prior to the passage of the amendatory act, suit must be begun within six years after the right accrued or within one year after the date of approval of the act. Consequently, appellee might have begun suit at any time prior to July 3, 1931 but, by the limitations provided, was without cause of action thereafter.

Appellee contends that there should be added to the period within which suit might be brought the time during which the claim was pending before the Director, that is, the period between April 10, 1919, and July 26, 1922. Thus to construe the act, it seems to us, is to do violence to the intent of Congress. The fallacy is evident when we remember that there was no claim pending during any part of the additional period of one year allowed by the amendment and, consequently, no part of the time for beginning suit was consumed by delay of the government, essential to suspension of the limitation of the time for bringing suit. We have no justification for so construing this statute as to provide that the pendency of a claim denied eight years before July 3, 1930, should grant to a suitor an additional grace over that expressly mentioned in the amendment. The words "that this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the

claim sued upon and the denial of such claim by the Administrator of Veterans' Affairs" were intended to enable claimants who had filed their claims prior to July 3, 1930 after which date, except for the statute, they would be barred, to file suit after July 3, 1931, if they had not obtained a disagreement prior to that time, and have no application to cases finally adjudicated by the director long prior to the passage of the act on July 3, 1930. Such claims were not under consideration by the Administration after July 3, 1930; hence no portion of the one year extension could be consumed by delay of the Veterans' Administration in acting upon them. Consequently there is no suspension of the statute and appellee was without right to maintain her suit.

The judgment of the District Court is reversed.