## WOJCIEKOWSKI v. UNITED STATES.
### No. 3743.

District Court, D. Massachusetts.
Oct. 28, 1937.

Dwight L. Allison, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and William J. Hession, Area Atty., Department of Justice, both of Boston, Mass., for the United States.

SWEENEY, District Judge.

This matter is before me on the defendant's motion to dismiss. The basis of that motion is that the plaintiff, prior to bringing this suit, did not file a claim for insurance benefits with the Veterans Administration, and therefore that a disagreement did not exist between the claimant and the Bureau as to his claim.

The plaintiff enlisted in the United States Army on September 4, 1918. He was discharged from the United States

Army on June 12, 1919. Under date of September 9, 1918, he applied for war risk term insurance in the sum of $10,000. Premiums upon said insurance were paid through the month of June, 1919.

On September 8, 1922, the plaintiff executed and filed with the Veterans Bureau, which was the predecessor of the present Veterans Administration, a form V.B. 526. This form was captioned, "Application of Veteran Disabled in the World War for Compensation and Vocational Training." On December 5, 1922, another similar form was executed by this plaintiff. On August 22, 1923, the Veterans Bureau received a form 742 which was executed by this plaintiff, and which is entitled, "Application for Reinstatement of Yearly Renewable Term Insurance." That application was rejected on October 9, 1923. On October 5, 1923, the medical division of the Veterans Bureau made a rating of this man's disability in which they ruled that he was permanently and totally disabled from December 18, 1922, but that he was less than permanently and totally disabled prior thereto. It is to be noted that the rating section in considering this man's case stated on the Bureau records that the above rating was "for compensation and insurance purposes." On October 22, 1923, the claims examiner, who was handling this claim in the Veterans Bureau, on form 523 which is captioned, "Compensation and Insurance Disallowance Memorandum," formally noted on the records of the department that this man's claim for insurance was disallowed. The reason assigned was that the insurance had lapsed. This, no doubt, meant that the insurance policy had lapsed prior to the date on which the government admitted the man became permanently and totally disabled.

This suit was instituted in the United States District Court by a petition filed May 28, 1929. The plaintiff alleges that the filing of form 526 is in substance a claim for insurance, and that the disallowance of that claim, coupled with its filing, satisfies the condition precedent to bring the federal action. This court is now faced squarely with the question whether a form 526 can be construed to be a claim for insurance benefits so that a disagreement on that claim satisfies the condition precedent to the filing of the suit which is set forth in 38 U.S.C.A. § 445.

Witnesses who have had long experience with the Veterans Administration testified as to Bureau procedure. When the predecessor of the Veterans Bureau, which was known as the Bureau of War Risk Insurance, was established, it provided a form on which a claimant might seek benefits under the War Risk Insurance Act (Oct. 6, 1917, 40 Stat. 398). It is significant that although that form 526 was labeled as a claim for "compensation and vocational training," and made hardly any reference to insurance, no form was provided by the Bureau upon which a claim for insurance benefits alone could be made. In 1922, some five years after the Bureau's inception, a form 579 was made up so that a claimant might make formal application for the benefits of converted government insurance, or for the benefits of term insurance where claimant was not making claim for either compensation or vocational training. In the case before me, and in nearly all the cases pending before this court, the claimant is suing upon the contract of term insurance, and is also a compensation claimant. It is to be noted that the Bureau provided no forms whatsoever upon which this claimant, or those in a like position, could file a demand for his insurance benefits.

When a form 526 was received in the Veterans Bureau, adjudication of the claimant's rights to compensation and vocational training was immediately made. If it became apparent that the claimant might also be entitled to insurance benefits, the claims examiner requisitioned the claimant's insurance file from the insurance division. This was then consolidated with the man's other file, and his rights to insurance were adjudicated. In other words, if he were entitled to it, an award in his favor was made without further necessity for application, and, significantly, if it was found that he was not entitled to it, a disallowance or a denial of his rights to insurance was placed on the official records of the Bureau. Plainly, the government at that time, through its proper officers, considered that they were adjudicating an insurance claim, whether or not formal application had been made for it.

Going to the form 526 itself, it is to be noted that there are several questions pertaining to insurance. The following appear:

"Did you ever apply for War Risk Insurance? *yes* (a) When? (b) Where? *during service* (c) Amount? *10,000.*"

16

"Name of beneficiary in application for insurance *Father*."

"Have you since changed the beneficiary to some other person? *dropped since* (a) If so, to whom?"

These questions can have no reasonable relationship to a claim for compensation or vocational training, and while it may be urged that these questions were purely for identification purposes, nevertheless, the veteran filling out that form certainly believed that he was discussing insurance. Then, too, in the jurat of the form, a direct reference is made to an insurance claim. The jurat reads: "I make the foregoing statements as a part of this application with full knowledge of the penalty provided for making a false statement as to a material fact in a claim for compensation, *insurance,* or vocational training." (Italics supplied.)

When Congress provided that suit might be brought "in the event of disagreement as to claim," they undoubtedly had in mind the wisdom of submitting the claim for administrative consideration before allowing suit to be brought in the courts. When the government took the position that a man was not entitled to his insurance, then clearly the government and the claimant were in disagreement. The same medical board rated a claimant's disability for both compensation and insurance benefits, and when they set up a rating of a man's disability that was anything less than permanent and total, it is clear that in their own minds they were denying his claim for insurance benefits.

Compensation and war risk insurance were both provided in the same act of Congress, designated as the War Risk Insurance Act of October 6, 1917 (40 Stat. 398). It is reasonable to believe that when an ex-soldier filled out a form 526, provided by the government, he felt that he was claiming all the benefits under the War Risk Insurance Act. From a reading of form 526, there is some indication that the government also felt that insurance benefits

were to be adjudicated under that claim. The caption of the instrument, "compensation and vocational training," is therefore misleading. Such a caption may have resulted from the realization that insurance, being a contract as distinguished from compensation and vocational training as a gratuity, needed no formal claim to receive its benefits. The Bureau certainly adjudicated insurance claims without other formal claim, and I doubt not at all that if this veteran walked into the Veterans Bureau in 1922, and stated that he wanted to apply for the benefits of his insurance that the Bureau would have provided him with a form 526 upon which to make his claim. Certainly, they had no other form at that time.

It is to be noted that the statutes as they existed in 1929, at which time the present suit was commenced, in no way attempted to define either the term "claim" or "disagreement." It was not until July 3, 1930, that these terms were defined by Congress, and it seems significant that Congress plainly stated that the definition which they supplied in that act would not be applicable to suits which had been begun prior to the passage of that act.

Whether the execution and filing of a form 526 would be a sufficient claim upon which to base a disagreement under the statute of July 3, 1930, is not necessary to decide, and I therefore express no opinion on that question. I also do not express an opinion as to the necessity of filing any written form prior to the Act of July 3, 1930.

From the foregoing, I find and rule that the execution and delivery of a form 526 to the Veterans Bureau is sufficient upon which to base the disagreement set up in 38 U.S.C.A. § 445 as a condition precedent to the bringing of an action in the federal court on the policy of insurance prior to July 3, 1930.

The defendant's motion to dismiss is therefore denied.