### DIAS et al. v. UNITED STATES.
### No. 4452.

District Court, D. Massachusetts.

Nov. 5, 1937.

Leo M. Harlow, of Boston, Mass., for plaintiffs.

Francis J. W. Ford, U. S. Atty., and William J. Hession, Area Atty., Department of Justice, both of Boston, Mass.

SWEENEY, District Judge.

This case is before me on the defendant's motion to dismiss. The facts herein take it out of the ruling made in the case of Wojciekowski v. United States, 21 F. Supp. 14, wherein it was recently held by this court that a form 526 filed with the Veterans Bureau constituted a sufficient claim upon which to base a disagreement. The situation presented in this case is quite different in view of the statute of July 3, 1930 (38 U.S.C.A. § 445), which defined the terms "claim" and "disagreement" as used in that enactment. The instant case was not filed until after the passage of that act, and hence must conform to the definitions embodied therein.

This veteran, having taken out government insurance while in the Army, allowed it to lapse in August of 1919. On January 2, 1920, he reinstated his insurance, and again allowed it to lapse in March of 1920. On November 14, 1921, he executed a form 526, which is entitled "Application of Person Disabled in and Discharged from Service." Some reference was made therein to insurance, and, since it was in writing, if there were nothing further in the act, it might be considered a claim for insurance benefits under the Act of July 3, 1930. However, it does not contain any allegation that permanent and total disability existed at the time that the contract of insurance was in force, and hence is not such a claim as Congress had in mind when it provided that a disagreement must exist on that claim between the Director of the Bureau and the veteran. The Act of July 3, 1930, plainly indicates that two steps must be taken before a suit can be instituted in the federal courts: First, there must be a claim filed in which the plaintiff alleges in writing that he was permanently and totally disabled while his insurance was in force; and, secondly, there must be a denial of such claim by the Veterans Administration. In this case I hold that, no sufficient claim having been filed, no disagreement could exist, and therefore this veteran has not complied with the prerequisites set up by Congress.

The defendant's motion to dismiss is allowed.