**MORRIS v. UNITED STATES et al.**

No. 8737.

Circuit Court of Appeals, Fifth Circuit.

May 10, 1938.

M. F. Pierce, of Greenwood, Miss., for appellant.

George T. Mitchell, U. S. Atty., of Tupelo, Miss., and Lester M. Sack, Asst. U. S. Atty., of Clarksdale, Miss.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit as beneficiary and as administratrix to recover on a policy of war risk insurance issued to her husband while a soldier in the army of the United States. A plea of limitation was sustained and the suit dismissed.

It appears from the record that the insured, on August 23, 1921, wrote the following letter, which was received by the Veterans' Bureau on August 25, 1921.

"Moorhead, Miss., Aug. 23, —21.
"Mr. Leon Fraser,
 "Asst. Dir. in Chge. of Compensation
   & Ins.,
  "Claim Div., Washington, D. C.
"Hon. Sir: I has been totally disable for almost two years now, and am today just as badly disable or more badly disable that I have ever been, in other words I dont think I will ever be well again. Now Mr. Fraser at the time I contracted this disease I was carrying Govt. insurance in the amount of ten thousand ($10,000) Dollars. I wants to know that am I not intitle to be getting insurance pay. As I thinks that I should be intitled to the insurance pay as well as compensation. Please advise me by return mail explaining fully.
 "I remain yours truly,
     "Pvt. Charlie Morris.
"C—381321.
"C O H 814 Pioneer Inf."

On September 8, 1921, the following answer was mailed to the insured:

     "September 8, 1921.
"Mr. Charlie Morris,
 "Moorhead, Mississippi.
 "Dear Mr. Morris: The Bureau acknowledges receipt of your letter dated August 23rd in reference to your claim for Insurance.

 "You are advised that the records of the Bureau disclose that you applied for and was granted Contract Insurance in the amount of $10,000, but you allowed same to lapse June 1, 1919, on account of non-payment of premiums. You have been given a rating of permanent-total from November 1, 1919, and therefore, unless you can furnish evidence tending to show you were permanently and totally disabled from June 1st to November 1, 1919, payments cannot be made on account of Insurance. Any evidence you may care to submit will receive careful consideration. All communications relative to this case should bear the file number C-381321.
 "Respectfully,
 "Leon Fraser, Assistant Director."

Nothing further was done about the matter until after the insured died, on July 1, 1926, when appellant filed a claim as

beneficiary, which was denied on December 1, 1936. This suit was filed on January 9, 1937.

It is conceded that the insured's letter, above quoted, should be construed as a claim under the provisions of section 19 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 445; 38 U.S.C.A. §§ 445a–445d. But it is contended that the letter of September 8, 1921, is denial of the claim, and therefore the action is barred. In support of this contention appellee cites Miller v. U. S., D.C., 57 F. 2d 889; U. S. v. Earwood, 5 Cir., 71 F.2d 507; U. S. v. Townsend, 4 Cir., 81 F.2d 1013; U. S. v. Arditto, 6 Cir., 86 F.2d 787; U. S. v. McQuilkin, 7 Cir., 88 F.2d 476, and Wojciekowski v. U. S., D.C., 21 F. Supp. 14.

We find none of the above-cited cases in point or persuasive by analogy as supporting the contention of appellee. As we construe the letter of Fraser, Assistant Director, above quoted, it was not a denial of the claim after consideration of its merits. On the contrary, it was an invitation to submit additional proof for further consideration by the Veterans' Administration and held the final decision on the claim in abeyance, with the running of the statute of limitations suspended, until it was denied on December 1, 1936. Thereafter, the suit was timely filed.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.