## THRASHER v. UNITED STATES.
### No. 10406.

Circuit Court of Appeals, Fifth Circuit.

Jan. 7, 1943.

Oliver C. Maxwell, of Tampa, Fla., for appellant.

Wm. T. Becker and Wilbur C. Pickett, Attys., Department of Justice, both of Washington, D. C., and Herbert S. Phillips, U. S. Atty., and Geo. P. Raney, Jr., Asst. U. S. Atty., both of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant's suit for total and permanent disability benefits under a policy of war-risk insurance was dismissed by the court below for lack of jurisdiction. The correctness of that judgment depends upon whether or not a letter, written by the assistant director in charge of compensation and insurance claims of the Veteran's Bureau on July 9, 1919, in reply to appellant's letter of June 28, 1919, claiming insurance benefits, constituted a denial of the claim and created a disagreement between appellant and the Bureau. If a disagreement then arose, the suit brought in 1941 was not within the time allowed by Section 19 of the World War Veterans' Act of 1924, as amended,[1] and was properly dismissed.

The relevant portion of the letter was as follows:

"Replying to your letter of June 28th, you are advised that compensation is payable in addition to insurance only when the soldier is permanently and totally disabled. As you are not in this condition at present you are entitled to no insurance benefits at this time, and in order to prevent your insurance from lapsing you will be required to remit monthly insurance premiums.

"Kindly return as soon as possible the form which was furnished you under date of July 1st in order that further consideration may be given to your claim."

In the first paragraph of this letter appellant was plainly advised that he was not entitled to insurance benefits, and that, unless he paid the monthly premiums, his policy of insurance would lapse. This paragraph was an unequivocal denial of the claim; but it is contended that the second paragraph of the letter showed that the Bureau contemplated further correspondence and the submission of additional evidence in support of the claim, and that, under the decision of this court in Morris v. United States, 96 F.2d 731, the ruling on the claim for insurance was temporary only, pending further negotiations, and was not a final, positive, and unconditional denial.

The second paragraph referred to the form which had been furnished appellant on July 1st. This form, as disclosed by the record, related solely to an award of compensation to appellant, which was subject to administrative review at any time. The claim for compensation was separate and distinct from the claim for insurance, and further negotiations in connection therewith had no bearing upon the finality of the ruling upon the insurance claim. The second paragraph, relating to a different subject matter, did not limit or modify the plain import of the language in the first paragraph. The letter of July 9th con-

---

[1] 38 U.S.C.A. § 445.

748 ·

tained a denial of the claim in proper form, and from and after that date a disagreement existed.[2] The suit was not filed within the time allotted by the statutory waiver of sovereign immunity, and its dismissal for want of jurisdiction was proper.

The judgment appealed from is affirmed.