## MEADOWS *v.* UNITED STATES.

No. 269.   Argued March 5, 1930.—Decided April 14, 1930.

*Mr. Charles Kerr* presented the oral argument, and *Messrs. Jean S. Breitenstein, S. R. Owens,* and *Lowell D. Hunt* were on the brief, for petitioner.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Attorney General Mitchell* and *Messrs. J. Frank Staley* and *W. Clifton Stone* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Petitioner brought this action against the respondent in a federal district court to require the reinstatement of a lapsed insurance policy issued under the War Risk Insurance Act of October 6, 1917, c. 105, § 400, 40 Stat. 398, 409; amended August 9, 1921, c. 57, § 27, 42 Stat. 147, 156, 157. It was alleged that, being enlisted in the United States army during the World War, he applied for and obtained, under the act, a policy of insurance in the sum of $10,000 against death and permanent and total disability. Thereafter, on February 1, 1920, $3,000 of this amount was converted into a 20-payment life policy, and the remaining $7,000 was allowed to lapse. In March, 1923, petitioner applied to the Director of the United States Veterans' Bureau for reinstatement of the policy in respect of the $7,000, asserting that he was then suffering from a disability of a degree less than permanent and total. The director of the bureau rejected the ap-

plication and thereupon petitioner brought this action. The government answered, denying certain allegations and admitting others, and alleging that at the time of the application for reinstatement, and for a long time prior thereto, petitioner was permanently and totally disabled.

The case was tried by the court without a jury, and judgment rendered reinstating the policy to the extent of $7,000. The circuit court of appeals reversed the judgment upon the ground that the trial court was without jurisdiction, and directed a dismissal of the petition. 32 F. (2d) 440.

Prior to the amending act of 1921, there was no statutory provision for the reinstatement of lapsed policies, but the matter was one of bureau regulation. By § 408 of that act, carried into the act of 1924 as § 304, c. 320, 43 Stat. 607, 625 (U. S. Code, Title 38, § 515), it was provided:

" In the event that all provisions of the rules and regulations other than the requirements as to the physical condition of the applicant for insurance have been complied with, an application for reinstatement, in whole or in part, of lapsed or canceled yearly renewable term insurance or United States Government life insurance (converted insurance) hereafter made may be approved if made within one year after the passage of this Act or within two years after the date of lapse or cancellation: . . . *Provided further,* That the applicant during his lifetime submits proof satisfactory to the director showing . . . that the applicant is not totally and permanently disabled."

The director denied the application on the ground that the applicant, at the time of making it, was totally and permanently disabled. The trial court held the contrary. The evidence upon which the director acted was

not before the court, but the case was decided upon original evidence introduced upon the trial. The question was purely one of fact, which the director was authorized to determine; and his decision, unless within § 19 of the World War Veterans' Act of 1924, dealt with below, was final and conclusive. *United States v. Williams,* 278 U. S. 255; *Silberschein* v. *United States,* 266 U. S. 221, 225,

Section 19 of the act of 1924, as amended March 4, 1925, c. 553, § 2, 43 Stat. 1302 (U. S. Code, Title 38, § 445), provides in part:

" In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

This provision, we think, has nothing to do with an application for reinstatement of a defunct policy. The right to reinstatement, when it exists, flows from the statutory provision and not from any undertaking expressed in the contract of insurance. No doubt, the policy holder may have the benefit of the statute, although passed subsequently to the issue of the policy, *White* v. *United States,* 270 U. S. 175, 180; but a reinstatement under the provisions of the statute would be not the fulfillment of a contractual obligation but, in effect, the making of a new contract by statutory sanction.

*Aetna Life Ins. Co.* v. *Dunken,* 266 U. S. 389, upon which petitioner here relies, is not to the contrary. There the original policy of insurance was a seven-year term

policy. It provided expressly that upon any anniversary of its date, at the sole option of the insured, without medical reëxamination, it was convertible into a twenty payment life commercial policy, etc. It was held that the converted policy was merely a continuation of the old one. This court said (p. 399):

" In effect, it is as though the first policy had provided that upon demand of the insured and payment of the stipulated increase in premiums that policy should, automatically, become a twenty payment life commercial policy. It was issued not as the result of any new negotiation or agreement but in discharge of preëxisting obligations. It merely fulfilled promises then outstanding; and did not arise from new or additional promises. The result in legal contemplation was not a novation but the consummation of an alternative specifically accorded by, and enforceable in virtue of, the original contract. If the insurance company had refused to issue the second policy upon demand, the insured could have compelled it by a suit in equity for specific performance."

The situation in the present case is altogether different. The original policy had come to an end; liability under it had wholly ceased; a new application was required, together with proof of an existing condition sufficient to satisfy the director, before reinstatement could be made. The effect of the statute is to accord the privilege of reinstatement to the holder of a lapsed policy, not to read into it a promise to that end. The existence of the old policy is, of course, a necessary prerequisite to the consideration of a claim for the allowance of the statutory privilege, but the claim is one under the statute, not under the contract, and, consequently, does not fall within the terms of § 19.

*Judgment affirmed.*