## UNITED STATES v. RIGGINS.
### No. 7098.

Circuit Court of Appeals, Ninth Circuit.
June 12, 1933.

Rehearing Denied July 24, 1933.

John R. Layng, U. S. Atty., Clyde Thomas and Dorothy Lenroot Bromberg, Asst. U. S. Attys., and H. C. Veit, Atty. U. S. Veterans' Administration, all of Los Angeles, Cal., for appellant.

Harold J. Cashin, of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This is an action brought upon a reinstated term war risk insurance policy for the sum of $5,000 by the guardian of a World War veteran who has become totally and permanently disabled by reason of insanity. The original policy lapsed for nonpayment of premium in 1921. The application for reinsurance was executed on June 30, 1927. In connection with his application for reinstatement the applicant stated in effect that he had not had syphilis. This statement was untrue, and it was known by the veteran to be untrue. The trial court was of opinion, however, that, inasmuch as the government, as well as the applicant, knew that the statement was untrue, the government was not defrauded by the misstatement. It must be conceded that the misrepresentation would be a defense to the policy if the government were thereby deceived. In that regard it is sufficient to cite Raives v. Raives (C. C. A.) 54 F.(2d) 267. Indeed, the proposition is not seriously disputed.

It appears that the applicant contracted syphilis while he was in the military service of the United States and was hospitalized

by reason thereof, and that while in the government hospital suffering with such disease he applied for and was given his first war risk insurance policy. Subsequently he apparently recovered from the effects of the disease. The assumption is that by reason of the conditions above mentioned the government was bound to take notice of the fact that the applicant had the disease which he denied in his application that he had had. If this contention is well founded, it would make the application for restoration of insurance in most cases of no value because of the fact that the government has such a complete record of the veterans who have suffered from serious disease or physical impairment while in the service. We think the proposition that the government is bound by the knowledge of its officers and agents and by the contents of all its records cannot be maintained. We find no decision sustaining the view that the government is so bound, and none has been cited. In Utah Power & Lt. Co. v. U. S., 243 U. S. 389, 409, 37 S. Ct. 387, 391, 61 L. Ed. 791, the Supreme Court stated the general rule:

" * * * That the United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit. Lee v. Munroe, 7 Cranch, 366, 3 L. Ed. 373; Filor v. United States, 9 Wall. 45, 49, 19 L. Ed. 549, 551; Hart v. United States, 95 U. S. 316, 24 L. Ed. 479; Pine River Logging Co. v. United States, 186 U. S. 279, 291, 22 S. Ct. 920, 46 L. Ed. 1164, 1170."

In that case the Supreme Court, in answer to the proposition advanced by the defendant Utah Power & Light Company that the government was estopped by the knowledge of the officers in the Forest Service and of other officers and employees of the government, as to what it was doing, and by their failure to object thereto and by their acquiescence therein until after the works erected by it were completed and put in operation, the court said:

"This ground also must fail. As a general rule, laches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest. United States v. Kirkpatrick, 9 Wheat. 720, 735, 6 L. Ed. 199, 203; Steele v. United States, 113 U. S. 128, 134, 5 S. Ct. 396, 28 L. Ed. 952, 954; United States v. Beebe, 127 U. S. 338, 344, 8 S. Ct. 1083, 32 L. Ed. 121, 124; United States v. Insley, 130 U. S. 263, 265, 266, 9 S. Ct. 485, 32 L. Ed. 968, 969; United States v. Dalles Military Road Co., 140 U. S. 599, 632, 11 S. Ct. 988, 35 L. Ed. 560, 571; United States v. Michigan, 190 U. S. 379, 405, 23 S. Ct. 742, 47 L. Ed. 1103, 1112; State ex rel. Lott v. Brewer, 64 Ala. 287, 298; People v. Brown, 67 Ill. 435, 438; Den v. Lunsford, 20 N. C. 542 (4 Dev. & B. L. 407); Humphrey v. Queen, 2 Can. Exch. 386, 390; Queen v. Black, 6 Can. Exch. 236, 253."

Hence, even if we assume that it was the duty of the officers of the Veterans' Bureau to examine the records of the United States Army with reference to the hospitalization of the veterans who applied for reinstatement of war risk insurance, in passing upon the applications for the reinstatement of such insurance, the government of the United States cannot be charged with their neglect to do so. The effect of holding the government bound by the information which would have been ascertained by such a search is to charge the government with the responsibility for the neglect of its officers and agents. We do not wish, however, to be understood as holding that it was their duty to so investigate. The appellant deliberately and intentionally made a false statement in his own behalf to secure an advantage over the government of the United States. There is no reason why he should be heard to say that the government did not rely upon his statements. He was required both by the law and by the regulations of the department to make a showing as to his health at the time of his application.

It may be that he could have secured his reinsurance if he had told the truth and in addition had made the payments required by the World War Veterans' Act of 1924, § 304, as amended by Act of Congress of July 2, 1926 (44 Stat. 790, 799, § 15 [38 USCA § 515]). He neither made these payments nor sought to have them converted into a loan as therein provided. He must abide the consequences of his fraud.

Judgment reversed.