## BANK OF ARIZONA v. UNITED STATES.
### No. 7442.

Circuit Court of Appeals, Ninth Circuit.
Nov. 26, 1934.

Franklin W. Peck, of Los Angeles, Cal., and Favour & Baker, of Prescott, Ariz., for appellant.

Clifton Mathews, U. S. Atty., of Phoenix, Ariz., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Fendall Marbury and Thomas E. Walsh, Sp. Assts. to Atty. Gen., and J. Gregory Bruce, Atty., Dept. of Justice, of Washington, D. C., for the United States.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellant brought this action on behalf of the estate of John Clark Wilson, deceased. The decedent was a veteran who enlisted in the United States Army, May 27, 1918, and was discharged January 27, 1919. At the time of his discharge, he had a war risk insurance policy. He was murdered at Prescott, Ariz., May 2, 1919. The government thereafter began payment of the insurance at the rate of $57.50 per month to the mother of the deceased, who was the beneficiary under his war risk insurance policy, and continued to so pay her until her death on August 25, 1930. Appellant applied for payment to it for and on behalf of the estate of the veteran of the remaining payments due under the terms of the policy, amounting to $5,178. The government refused to make these payments on the ground that the policy of insurance had lapsed at the time of the death of the veteran and that the payments theretofore made by the government to the mother had been the result of mistake.

The government records show a payment of $27.20 premium on the 5th day of May, 1919, three days after the death of the veteran. The evidence discloses that a draft was issued by the Bank of Italy on May 5, 1919, payable to the Treasurer of the United States. According to the testimony of the officials of the Veterans' Bureau, this check was mailed from Los Angeles on the date of its issue. It was received in due course indorsed by the bureau of war risk insurance to the Treasurer of the United States on May 16, 1919, and a receipt therefor in the usual form was thereafter issued in the name of the insured. Payment was entered on the books as of May 5, 1919, in accordance with the rules of the department giving credit for war risk insurance as of the date of the mailing of the check or draft for the payment of the premium. The case was tried by the court without a jury and the court found as a fact that on March 4, 1919, the grace period of thirty-one days had lapsed; that the veteran died May 2, 1919, and thereafter the draft for $27.20 above mentioned was issued and tendered by mail in payment of premiums; that this sum was erroneously credited as premium on said contract as the result of mistake of fact, "the same not having been received before the contract lapsed"; that it is not shown who secured the draft or paid the amount but that it was receipted for as of its date, May 5, 1919; that the payments made by the government to the beneficiary were the result of a mistake of fact in that it believed that the policy was in full force and effect on the date of the death of the veteran; it was found that before the original award was made to the beneficiary on account of the death of the deceased that the direc-

tor ascertained that he died on May 2, 1919; it was also found by the court that a $60 bonus was due the veteran and that "there is no evidence that the government check therefor was cashed but that the director of the Veterans' Bureau had ruled that this amount was paid to the insured within the meaning of the contract of war risk insurance at the time the award was made."

The appellant requested a finding as follows:

"A. The director found in 1919 or 1920, as an issue in doubt and in dispute, that the premium was paid before the death of Wilson.

"B. Wilson did not purchase or request the draft issued by the Bank of Italy, and there is no evidence that any one applied for or purchased the draft.

"C. The date of mailing of the premium was a point in doubt and in question, and the director, so knowing, notified the beneficiary February 17, 1920, that the premium of twenty-seven and 20/100 dollars ($27.20) was received and receipted for on May 5th, 1919.

"Plaintiff objects to the form of the conclusion of law upon the ground that the court has not jurisdiction in this case to set aside the finding of fact determined, and the award made, by the director in 1920, or to cancel the award made June 5, 1920, in whole or in part."

This proposed finding adds little, if anything, to the admission in the pleadings.

■ Appellant contends that the decision of the director of war risk insurance that the policy was in full force and effect at the time of the death of the veteran is binding and conclusive upon the government. In support of this proposition it cites Meadows v. U. S., 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852, 73 A. L. R. 310. This case has no application to the facts at bar. It relates to an entirely different subject, namely, the renewal of war risk insurance over which the court has no jurisdiction. The contention of the appellant cannot be sustained. The action of the officers of the Veterans' Bureau in allowing and paying a claim for war risk insurance to the mother was in violation of the law and is not binding on the government. Utah Power & Light Co. v. U. S., 243 U. S. 389, 37 S. Ct. 387, 61 L. Ed. 791,

and cases there cited; U. S. v. Riggins (C. C. A.) 65 F.(2d) 750, and cases cited.

■ It is claimed that irrespective of whether or not the premium payment was made on May 5, 1919, after the death of the veteran, nevertheless the bonus of $60 payable to the veteran was applicable to the premium and consequently the policy did not lapse. The insured was entitled to $60 bonus February 24, 1919. A check for that amount was mailed to the veteran thereafter. Under the Act of Congress of July 2, 1926, 44 Stat. 800, 38 USCA § 516b, it was provided that if the veteran died before collecting the $60 bonus, his insurance should not be considered as lapsed. If the amount of the bonus applied to the insurance premiums would have exceeded the amount due therefor, then the policy should be deemed in full force and effect. The Attorney General (36 Op. Attys. Gen. 113) held that where a check for the bonus was received by a veteran on his deathbed when he was unable to negotiate it and it was paid to the widow on her indorsement, there was no payment of the bonus within the meaning of the Act of July 2, 1926, supra. It is claimed that this ruling is applicable to the case at bar and that in view of the fact that there is no affirmative evidence that the bonus check was cashed by the veteran it must be held that the veteran's war risk insurance policy did not lapse for nonpayment of the premium. The burden of showing that the bonus was not paid was upon the appellant. A check therefor was issued by the government to the veteran and there is no evidence that he did not receive payment thereon. There is a letter from the beneficiary of the policy to the department dated October 7, 1919, in which it is stated that the insured "had also received his bonus of $60.00 in April." This statement was made with a view of identifying the veteran upon whose life the policy of war risk insurance had been issued. There was testimony that the check had been paid by the Treasury Department and that the canceled check had been destroyed in accordance with the law providing for the destruction of documents "after so many years." It is sufficient, however, to say that the burden was upon the beneficiary to show that the bonus of $60 had not been paid to the veteran and that there was no showing upon that subject other than the evidence which leads to the conclusion that it had been paid. The policy had lapsed before the death of the veteran.

Judgment affirmed.