## UNITED STATES v. ARDITTO.

### No. 7081.

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1936.

F. Marbury, of Baltimore, Md., and Francis X. Norris, of Detroit, Mich. (Gregory H. Frederick, Francis X. Norris, and Trent McMath, all of Detroit, Mich., and Will G. Beardslee, Wilbur C. Pickett, and Randolph C. Shaw, all of Washington, D. C., on the·brief), for the United States.

Rowland W. Fixel, of Detroit, Mich. (Fred H. Sims, of River Rouge, Mich., and Felix Silver, of Detroit, Mich., on the brief), for appellee.

Before HICKS and ALLEN, Circuit Judges, and RAYMOND, District Judge.

RAYMOND, District Judge.

This is an appeal from a summary judgment for appellee rendered November 27, 1934, in the sum of $11,557.50, upon a war risk insurance policy issued to Anthony Abboni. The trial court had previously denied appellant's motion to dismiss based upon the following grounds:

"1. That no disagreement exists as provided for by section 19 of the World War Veterans' Act, as amended (section 445, title 38 U.S.C.A.), and that failing in said disagreement this Court has no jurisdiction of the above-styled cause.

"2. That the above-styled cause has been barred by the running of the statute of limitations as provided by section 19 of the World War Veterans' Act (section 445, Title 38 U.S.C.A.) and this Court has no jurisdiction of this action."

Upon appeal the ·same claims are relied on for reversal. In support of the first, appellant urges that claimant, having presented a meritless claim of one character and obtained denial thereof, has prosecuted this litigation upon a claim of wholly different character which was nev-

---

788

er presented to the Veterans' Bureau for consideration. The contention is made upon the authority of United States v. Knott, 69 F.(2d) 907 (C.C.A.6), and Berntsen v. United States, 41 F.(2d) 663 (C.C.A.9).

A brief history is as follows: In 1892 Anthony Abboni was taken from a home for abandoned children in Italy. He was brought to America in 1907. On November 18, 1917, at the age of twenty-five years, he entered the military service of the United States. He had been a member of the claimant's household for a number of years, but without legal relationship or adoption. A war risk insurance policy in the sum of $10,000 was issued to him, his estate being named as beneficiary. On February 5, 1918, while the policy was in force, he was drowned as the result of the sinking of the transport Tuscania. On February 26, 1919, the Wayne county probate court appointed Samuel Arditto (the claimant) administrator of the estate, and on June 5, 1919, through his attorney, he made claim, as administrator and "adopted father," for the proceeds of the policy. He had previously made claim as "adopted cousin." On January 2, 1920, the director of the Veterans' Bureau denied the claim, apparently for lack of proof of adoption or of dependency. Over twelve years later, on February 23, 1932, suit was commenced by claimant, individually and as administrator, the declaration alleging that he "stood in the position of loco parentis to the veteran" and praying for recovery in that capacity, and, in the alternative, for recovery as administrator of the estate. No proofs were presented to sustain recovery on the theory of the declaration, but on March 9, 1933, the probate court of Wayne county entered an order allowing an alleged nuncupative will of the deceased veteran by which his estate and insurance were left to claimant and the declaration was later amended to allege claimant's rights as beneficiary in the will.

The affidavit in support of motion for summary judgment set forth appellee's claim solely as beneficiary of the insurance policy by virtue of the provisions of the will. The affidavit further set forth: "That said Anthony Abboni was an illegitimate abandoned child abandoned in 1892, and that no known relatives are in existence." The judgment first entered decreed recovery to plaintiff individually. This was amended the following day to decree recovery as beneficiary under the will.

A stipulation entered into several weeks after the entry of judgment establishes facts which might warrant consideration of appellee's right of recovery upon other theories, but we are here concerned only with the judgment appealed from.

Whether a claimant under a war risk insurance policy may file a claim with the Veterans' Bureau as adopted father and as administrator of the soldier's estate, and then recover upon the theory of being the beneficiary of a nuncupative will allowed nearly fourteen years later, is at least doubtful. However, in view of the other controlling question involved, we need not determine this issue. Assuming disagreement on June 2, 1920, as to the claim asserted in the suit filed February 3, 1932, we are of the opinion that suit was barred under section 445 of title 38 U.S.C.A., which provides: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date: * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs."

Appellee claims that his failure to institute suit before July 3, 1931, is excused by the fact that the claim was pending with the Bureau subsequent to filing and before disallowance from June 5, 1919, to June 2, 1920, a period of eleven months and twenty-seven days; that the statute of limitations was suspended for this period; and that suit instituted February 23, 1932, was not within the bar of the statute. It is familiar law that statutes of limitation in favor of the sovereign must be strictly construed in its favor. See United States v. Valndza, 81 F.(2d) 615 (C.C.A.6); Board v. Commissioner of Internal Revenue, 51 F.(2d) 73 (C.C.A.6).

Nothing in the history of the legislation on behalf of veterans, in the act itself, or in its practical administration warrants the conclusion that the suspension of limitation was intended to operate as to claims filed and denied by the Veterans' Bureau prior to the enactment of July 3, 1930.

The purpose of the statute was to preserve the rights of veterans whose claims were then pending or which might thereafter be filed. Only one adjudicated case has been found in which the question under consideration was discussed. In Miller v. United States (D.C.) 57 F.(2d) 889, it was recognized in like circumstances that no portion of the one-year extension was consumed by delay in acting upon the claim. The general purpose of extending the period of limitations upon claims of this character has been to aid those unaware or uncertain of their rights because of confusion which arose concerning the definition of the words "total and permanent disability." In the present case, the right accrued by death of the soldier in February, 1918.

In the case of McLaughlin v. United States, 74 F.(2d) 507 (C.C.A.10), relied on by appellee, the action was dismissed on other grounds. This question was not discussed. In the case of Kemp v. United States, 77 F.(2d) 213 (C.C.A.7), Judge Sparks held that the statute of limitations was not suspended by the Act of July 3, 1930 (38 U.S.C.A. § 445), as to a claim for insurance not then pending. Several cases have recognized that the general purposes of the act are prospective. See United States v. Earwood, 71 F.(2d) 507 (C.C.A. 5); Westling v. United States, 64 F.(2d) 464 (C.C.A.9).

We think the motion to dismiss should have been sustained. The judgment is reversed, and the case remanded for further proceedings in conformity with this opinion.