## COLEMAN v. UNITED STATES.
### No. 7651.

Circuit Court of Appeals, Sixth Circuit.
Jan. 11, 1939.

John R. Walker, Jr., of Memphis, Tenn., for appellant.

904

T. E. Walsh, of Washington, D. C. (William McClanahan, of Memphis, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The suit of the appellant as plaintiff upon a policy of war risk insurance was dismissed below as barred by the limitation contained in § 19 of the World War Veterans' Act of 1924, as amended by the Act of July 3, 1930, U.S.C.Supp. 7, T. 38, § 445, 38 U.S.C.A. § 445 which provides: "No suit * * * shall be allowed * * * unless * * * brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date."

There is no dispute that the suit, which was filed June 25, 1935, was not within the time limits of the statute. The asserted right of action grew out of alleged total and permanent disability of the soldier in January, 1919. The six year limitation expired in January, 1925, and the suit was not brought within one year after July 3, 1930. Assuming disability of the veteran because insane, this disability was removed by his death on November 11, 1928. Thereafter, under the second proviso of the second paragraph of § 19 suit might have been brought within three years after the removal of the disability, but this period expired November 11, 1931.

■ The presently urged right to sue is based upon a claim of estoppel growing out of circumstances to be recited. The veteran when discharged from the army in 1918 had a government war risk insurance policy in the amount of $10,000. He became totally and permanently disabled from dementia praecox while the insurance was in force, was admitted to a State institution for the insane on September 5, 1922, and later to a Government sanitarium, where he died November 11, 1928. In December, 1927, the appellant, Judge Advocate of the American Legion for Shelby County, Tennessee, was appointed his guardian. Shortly thereafter he requested a friendly member of Congress to ascertain whether his ward had war risk insurance, and if so in what amount. On January 25, 1928, the Congressman replied that he had been advised by the Veterans' Bureau that no record had been found of any application for or the issuance of a policy. Some nine and a half

months later the veteran died, and the appellant was appointed administrator of his estate. In May of 1932 he learned that there was an application for war risk insurance signed by the veteran on file in the Regional Office of the Veterans' Administration in Nashville, Tennessee. He forthwith filed a claim as administrator of the soldier's estate, but it was denied on June 3, 1935.

Reduced to simple terms, the argument in support of the claim of estoppel is: That when the United States went into the insurance business, issued policies and provided that in case of disagreement it might be sued, it must be assumed to have accepted the ordinary incidents of suits upon private contracts; that the Veterans' Administration having been authorized by law to disclose information concerning insurance contracts to those entitled to receive it, had acted within the scope of its authority when it gave the appellant erroneous information; that the appellant having been deceived by it, and so failing to file timely claim or suit, to the injury of his ward and later to the estate, the government is now estopped to question his right to sue upon the contract on the ground that there was want of jurisdiction in the court to entertain the suit.

■ The general rule, of course, is that the United States is neither bound nor estopped by the acts of its officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not sanction or permit, and that those dealing with an agent of the United States must be held to have notice of the limitation of his authority. Wilber National Bank v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798, and cases therein cited. Generalizations will, however, be found to the effect that when the United States goes into the business of insurance, issues policies in familiar form, and provides that in case of disagreement it may be sued, it must be assumed to have accepted the ordinary incidents of suits in such business. Standard Oil Co. of New Jersey v. United States, 267 U.S. 76, 45 S.Ct. 211, 69 L.Ed. 519; United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887; cf. White v. United States, 270 U.S. 175, 180, 46 S.Ct. 274, 70 L.Ed. 530. We need not, however, inquire into the nature or extent of those incidents of suit on contracts between private persons or corporations which, if any are, may be

said to be assumed by the United States when it engages in commercial transactions, for the right which the United States asserts in the present suit and against the assertion of which the appellant interposes his claim of estoppel, is not an incident ordinary or extraordinary of a commercial transaction but an attribute of sovereignty. Lynch v. United States, 292 U.S. 571, 582, 54 S.Ct. 840, 844, 78 L.Ed. 1434: "The rule that the United States may not be sued without its consent is all-embracing." It inevitably follows that when consent to sue is given it is no broader than the limitations which condition it, and these must be construed in favor of the sovereign. United States v. Arditto, 6 Cir., 86 F.2d 787; United States v. Valndza, 6 Cir., 81 F.2d 615.

When the United States creates rights in individuals against itself it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. While contracts between individuals or corporations may be impaired when the right to enforce them is taken away or lessened, a different rule prevails in respect to contracts of sovereigns. Principality of Monaco v. Mississippi, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282. The sovereign's immunity from suit exists whatever the character of the proceeding or the source of the right sought to be enforced. It applies to causes of action arising under acts of Congress and to those arising from some violation of rights conferred upon the citizen by the Constitution. The character of the cause is of no significance, for immunity from suit is an attribute of sovereignty which may not be bartered away, Lynch v. United States, supra, and consent may be withdrawn although given after much deliberation and for a pecuniary consideration. DeGroot v. United States, 5 Wall. 419, 432, 18 L.Ed. 700. It must follow, therefore, that sovereign immunity to suit which may not irrevocably be surrendered even by statute, nor by contract be put beyond the power of the sovereign to recall, can not be waived by administrative officers or lost through mere misrepresentation whether inadvertent or designed. This being the more fundamental principle that must govern decision, it becomes unnecessary to consider other grounds of support for the judgment below, and it is

Affirmed.