## UNITED STATES v. FITCH.

### No. 4054.

United States Court of Appeals
Tenth Circuit.

Nov. 16, 1950.

472

Thomas E. Walsh, Attorney, Department of Justice, Washington, D. C., (Everett M. Grantham, U. S. Atty., Albuquerque, N. M., Albert H. Clancy, Asst. U. S. Atty., Santa Fe, N. M., H. G. Morison, Asst. Atty. Gen., D. Vance Swann, Attorney Department of Justice, Washington, D. C., on the brief), for appellant.

T. K. Campbell, Las Cruces, N. M., for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This was an action by the appellee, Mary Aguirre Fitch, to recover as beneficiary of a $10,000.00 National Service Life Insurance contract issued to her husband, Henry Barncastle Fitch. The case was tried by the court without a jury and judgment was entered in her favor and the government has appealed.

The controlling facts are not in dispute. Fitch, hereinafter referred to as the insured, while on active duty with the armed forces obtained the insurance and kept it in force by payment of the premiums from March 1, 1944 to June 30, 1946. The contract lapsed July 1, 1946, for non-payment of premium. On September 13, 1946, the insured addressed a letter to the Veterans Administration enclosing premiums for two months. This letter did not contain a statement as to the condition of his health. The Administrator acknowledged receipt of the remittance and stated that it would be applied to the account of the insured in accordance with the law and regulations pertaining thereto. At that time, the Administrator did not raise any question as to the failure of the insured to make formal application for reinstatement or to furnish proof that his health was as good at the time of the transmittal of the premiums as it was when the contract lapsed. Apparently the Administrator treated the letter of transmittal as an informal application for reinstatement of the insurance. The in-

sured was accidentally killed on October 10, 1946, and the plaintiff made application for the proceeds of the insurance contract. After this application was filed, the Administrator made an investigation and determined that the health of the insured was not as good at the time of the transmittal of the premiums as it was on the date the contract lapsed. The beneficiary was so notified and advised that she had a right to litigate the matter in the appropriate United States court. Upon trial the court found that the letter of transmittal of the premiums was accepted by the Veterans Administration as an informal application for the reinstatement of the insurance and that the Veterans Administration had waived the required statement of the health condition of the insured. The court also found that the insured was in better health when the premiums were received than he was when the insurance lapsed for nonpayment of premium.

■ It cannot be doubted but that actions of this nature may be maintained only on an insurance contract or policy which is in force and effect. 38 U.S.C.A. § 445;

Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852; Taft v. United States, 2 Cir., 127 F.2d 876. Our question therefore narrows to whether there has been a reinstatement of the policy. Under the statute and regulations in effect at that time, in order to reinstate a lapsed insurance contract it was necessary that the insured file with the Administrator an application accompanied with proof satisfactory to the Administrator that the insured was in as good health at the time of the application as he was on the date the insurance lapsed.[1] Even though we consider the letter of transmittal of the premiums as an informal application for reinstatement, admittedly the supporting proof is lacking. The plaintiff attempts to overcome this deficiency by applying the rule of waiver or estoppel against the Administrator. This, of course, she cannot do for it is an established principle of law that the United States may not be estopped by the unauthorized acts of its agents nor may such agents waive the rights of the United States by their unauthorized acts. Wilber National Bank v. United States, 294 U.S. 120, 55 S. Ct. 362, 79 L.Ed. 798; Federal Crop Ins.

1. 38 U.S.C.A. § 802(y) (1) "Any level premium term insurance which has lapsed may be reinstated within the term upon written application, payment of two monthly premiums, and evidence satisfactory to the Administrator that the applicant * * * is in good health.

"(2) Any level premium term insurance which has lapsed may be reinstated within the term upon written application, made within six months after the date of such lapse or within six months after the date of enactment of the Insurance Act of 1946, whichever is the later, and payment of two monthly premiums, provided such applicant is in as good health on the date of application and tender of premiums as he was on the due date of the premium in default and furnishes evidence thereof satisfactory to the Administrator"; (Repealed February 21, 1947, 61 Stat. 6, c. 5, Sec. 3).

38 Code of Federal Regulations, 1946 Supp. Sections:

"10.3422. Reinstatement of National Service Life Insurance. * * * And, provided further, That National Service Life Insurance on the level premium term plan may be reinstated by written ap-

plication of the insured accompanied by evidence of insurability and tender of two monthly premiums, but such insurance when reinstated without payment of all premiums in arrears with interest shall have no reserve value."

"10.3423. Health requirements. National Service Life Insurance may be reinstated if application and tender of premiums are made:

"(a) If it be term insurance, within six months after lapse or six months after the date of approval of Public Law 589, 79th Congress, whichever is later, provided the applicant be in as good health on the date of application and tender of premiums as he was on the due date of the premium in default and furnished evidence thereof satisfactory to the Administrator."

"10.3424. Evidence of insurability. The applicant for reinstatement of a National Service Life Insurance policy must furnish evidence of insurability at the time of application satisfactory to the Administrator of Veterans' Affairs and upon such form as the said Administrator shall prescribe or otherwise as he shall require."

Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; Coleman v. United States, 6 Cir., 100 F.2d 903; United States v. Norton, 5 Cir., 77 F.2d 731; United States v. Loveland, 3 Cir., 25 F.2d 447; Bank of Arizona v. United States, 9 Cir., 73 F.2d 811; Birmingham v. United States, 8 Cir., 4 F. 2d 508; Sternfeld v. United States, D.C. N.Y., 32 F.2d 789. Whatever right the insured had to reinstate the policy was contained in the statute and regulations promulgated thereunder and not in the insurance contract. The reinstatement could result only upon compliance with the statute and regulations. The insured having failed to comply with the statutory requirements and the regulations, it was the duty of the administrator to deny reinstatement. As a result; no insurance policy was in force and effect at the date of the death of the insured and no action was maintainable.

The United States may be sued only in cases plainly within the terms of the authorizing statute and the courts cannot go beyond the letter of the consent given. Price v. United States and Osage Indians, 174 U.S. 373, 375, 19 S.Ct. 765, 43 L.Ed. 1011; United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Alberty, 10 Cir., 63 F.2d 965, 966; Leyerly v. United States, 10 Cir., 162 F.2d 79, 84. Statutes waiving the immunity to suit are strictly construed and Congress may grant the right with whatever restrictions it deems proper. Wilson v. United States, 10 Cir., 70 F.2d 176, 179; Bryan v. United States, 10 Cir., 99 F.2d 549, 552. The courts have jurisdiction of only those cases which clearly come within the permission statutes and no representative of the United States has the power to waive these conditions or limitations. Finn v. United States, 123 U.S. 227, 232, 8 S.Ct. 82, 31 L. Ed. 128; Reid v. United States, 211 U.S. 529, 539, 29 S.Ct. 171, 53 L.Ed. 313; Munro v. United States, supra; Bryan v. United States, supra. The consent statute here permits a suit only "In the event of disagreement as to claim * * * under a contract of insurance between the Veter-

ans' Administration and any person or persons claiming thereunder". 38 U.S.C.A. § 445. A suit on a lapsed policy is not within the consent given. Meadows v. United States, supra. It follows that the court had no jurisdiction in this case.

In view of the fact that the insured had paid premiums sufficient to keep the policy in effect at the date of his death, it is unfortunate that the beneficiary will not receive the benefits of the insurance, but the principles of law seem clear that reinstatement could be effected only upon furnishing proof satisfactory to the Administrator as required by the statute and regulations and that failure to furnish such proof may not be overcome by estoppel or waiver.

Judgment of the trial court is reversed and the case is remanded with instructions to dismiss the complaint.

BRATTON, Circuit Judge (dissenting).

Section 617 of the National Service Life Insurance Act, as amended, 38 U.S.C.A. § 817, is the only statute which expressly vests United States District Courts with jurisdiction to entertain suits upon contracts of National Service Life Insurance, and it is limited to suits for recovery upon policies which are in force and effect. It does not include actions brought against the United States for the reinstatement of policies which have lapsed. Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L. Ed. 852; Taft v. United States, 2 Cir., 127 F.2d 876. But this was not an action for the reinstatement of the policy. It may be that an action may be maintained in the District Court of the District of Columbia to compel the Administrator of Veterans Administration to reinstate a lapsed policy or to vacate the action of the Administrator in refusing reinstatement if his action was arbitrary and capricious. But this was not a suit against the Administrator and it was not for the reinstatement of the policy. It was one for recovery on the policy, alleged to be in force and effect.

The court did not undertake to set aside the action of the Administrator in declining to reinstate the insurance. The court found

that the Administrator treated the letter of September 13 and the remittance which accompanied it as an informal application for reinstatement; that the Administrator waived the making of a formal application for reinstatement and the making of a statement of good health; that the payment of premium was accepted and retained; and that the insured was in as good health at the time of making the informal application for reinstatement and the payment of the premium as he was at the time of the lapse of the policy. And based upon such findings of fact, the court concluded in substance that the policy was in force and effect at the time of the death of the decedent. With that view I agree, and therefore I would affirm the judgment.