## UNITED STATES v. HOLLEY.

### No. 13881.

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1952.

Russell Chapin, Atty., Dept. of Justice, Washington, D. C., James H. Fort, Asst. U. S. Atty., Macon, Ga., for appellant.

Vance Custer, Chas. H. Kirbo and W. H. Miller, Bainbridge, Ga., for appellee.

Before HUTCHESON, Chief lJudge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

Upon an agreed statement of facts, the court below sustained appellee's right to recover the proceeds of two National Service Life Insurance policies, issued to Albert Sidney Holley while in the armed forces. The action was brought against the United States under 38 U.S.C.A. § 801 et sequitur.

The insured was discharged from the service on October 29, 1945, with no apparent disability. The policies of insurance were in effect until December 1, 1945, at which time they lapsed for non-payment of premiums. The insured reinlisted in May, 1946, and was hopitalized in the following August with a diagnosis of tuberculosis. In January, 1947, he applied for reinstatement of his insurance policies, and accompanied his request with two monthly premiums. The application contained evidence of his hospitalization and a medical report explaining his condition. On February 3, 1947, this application was stamped "Received" by the Veterans Administration. Concurrently, the insured executed an allotment for deductions of premiums from his salary, which remained in effect until his termination from service on April 18, 1947, at which time he was classified as totally disabled.

After filing his request for reinstatement, the insured corresponded with the Veterans Administration in July and September, 1947, as to the status of his application. The Director of Insurance Service wrote to the insured in December, 1947, explaining that a complete adjustment had been made on his premium accounts; that a prior remittance tendered October 10, 1947, completed payment of his premiums through October 31, 1947; and that in the event one or more premiums tendered prior to July, 1947, were not timely, it would in no way affect his current protection. The insured filed with the Administration on January 26, 1948, the standard claim for waiver of premiums because of total disability. On March 15, 1948, the Veterans Administration notified the insured that his application for reinstatement had been rejected as a result of his total disability at the date of application. After receipt of this information, the insured continued to remit his premiums until a month prior to his death on May 30, 1949.

When the application was filed, requirements for reinstatement of lapsed policies were set out in Section 602(y) of the National Service Life Insurance Act. 60 Stat. 787, c. 728, Sec. 602(y)(1)(2). This stat-

ute, in substance, provided that insurance which had lapsed might be reinstated upon written application, payment of two monthly premiums, and satisfactory evidence that the applicant was in good health. The second proviso permitted the Administrator to reinstate policies, provided the applicant tendered premiums and was in as good health on the date of application as he was when he defaulted in the payment of premiums, and furnished satisfactory evidence thereof.

█ The above statute was repealed on February 21, 1947, less than one month after the application was filed and prior to the time of action thereon. 61 Stat. 6, c. 5, Sec. 3. It is the contention of the appellee that after repeal of this statute the matter of reinstatement passed exclusively to the Administrator, subject to certain statutory requirements; and that the provisions of 38 U.S.C.A. § 802(c)(2) precluded the Administrator from disallowing the reinstatement. This contention is clearly erroneous. At the time of the submission of the application, the statute was in effect and operated as a condition precedent to reinstatement with the same force as a provision of the contract itself. James v. U. S., 4 Cir., 185 F.2d 115. When the insured filed his request, if he was "in as good health" as he was on the due date of the premiums in default, and satisfied other stipulated requirements, his policies were entitled to reinstatement as a matter of right. An examination of the insured's medical report, dated January 30, 1947, discloses that his disability was advanced pulmonary tuberculosis of the chronic and reinfectious type, which had infected both lungs. The prognosis of his examining physician estimated his hospitalization as indefinite. Therefore, for the purposes of this statute, and under any theory of insurability, he was totally and permanently disabled.

Assuming that the statute was not operative as to the insured, the reinstatement was impliedly prohibited under Section 802(c) (2). The statute required that applications should not be denied because the applicant was not in good health because of any disability less than total in degree. The Code of Federal Regulations, 1946 Supp., Title 38, Section 10.3423, provides that National Service Life Insurance may be reinstated by written application * * * "accompanied by evidence of insurability." Section 10.3423(a) allows reinstatement of lapsed policies, among other things, "provided the applicant be in as good health on the date of application * * * as he was on the due date of the premium in default," etc. Thus it became mandatory upon the Administrator to deny reinstatement at the moment he became cognizant of the insured's physical condition, which was not a mere temporary state of health but a total incapacity. The insured could in no manner have furnished evidence of insurability entitling him to reinstatement under the statute and regulations. U. S. v. Fitch, 10 Cir., 185 F.2d 471.

The appellee also contends that she is entitled to recover, regardless of these facts, because the application was either approved in fact or by estoppel, and that under Section 802(w) of the Act the policies became incontestible. This would presumably be correct if the reinstatement had actually been perfected, which it had not. The ultimate decision of the Veterans Administration was to deny the reinstatement, as a matter of law, under the compelling force of the statutory and administrative regulations.

█ The letter of December 10, 1947, by the Directors of Insurance Service, was not a restoration of the policies, but merely advised the insured that adjustment of his premium accounts had been made. The subsequent clauses, stating that current protection would be unaffected in the event of untimely premiums, did not have the force and effect of a reinstatement. To reinstate is "to reestablish and restore to a state from which one has been removed." Webster's International Dictionary, 1909, p. 1799. The insured's application did not become associated with his records until March, 1948, and it is probable that the Director, presuming basic health requirements satisfied, mailed the notice of adjustment as a matter of formality.

The Veterans Administration's Technical Bulletin 9–53, released September 25, 1947, prescribed the basis for administra-

578

tive adjustments in cases involving missing premiums. Adjustment of the insured's policies is expressly forbidden under paragraph 5, which provides:

"Adjustment of insurance is not authorized under paragraphs 2 and 3, even though the July and August, 1947, premiums are timely paid if in connection with such payments, or prior thereto, application for reinstatement was submitted and rejected because the applicant was unable to meet the health requirements."

█ The action of the Director of Insurance Service, even though acting in behalf of the Administrator, could not bind the United States, as such conduct was prohibited both by statute and the Administrator's regulations. Unauthorized and wrongful acts of its agents, and acceptance of the insured's application, cannot be established by waiver or estoppel. Anyone who enters into an arrangement with the United States assumes the risk of accurately ascertaining that an agent, purporting to act in the name of the Government, is acting within the bounds of his authority. In providing insurance benefits for its armed forces, the United States does not bear the same relationship to the insured as that of a private insurance company, and the same principles do not apply. Whiteside v. U. S., 93 U.S. 247, 23 L.Ed. 882; Wilber National Bank v. U. S., 294 U.S. 120, 55 S. Ct. 362, 79 L.Ed. 798; Federal Crop Insurance Corporation v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; Birmingham v. U. S., 8 Cir., 4 F.2d 508; Sternfeld v. U. S., D.C., 32 F.2d 789; Broughton v. Equitable Life Assurance Society, 5 Cir., 71 F.2d 821; Bank of Arizona v. U. S., 9 Cir., 73 F.2d 811; Coleman v. U. S., 6 Cir., 100 F.2d 903; Niewiadomski v. U. S., 6 Cir., 159 F.2d 683; James v. U. S., 4 Cir., 185 F.2d 115; U. S. v. Fitch, 10 Cir., 185 F.2d 471.

█ The insured having failed to comply with the statutory requirements and the regulations, it was the duty of the Administrator to deny a reinstatement. As a consequence, the insurance policies were not in force and effect at the date of the insured's death. Reversed and judgment here for the United States.

Reversed and rendered.