**Geneva Brown FORD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 786.**

United States District Court
S. D. Georgia, Savannah Division.

Sept. 22, 1955.

Malcolm Maclean, Savannah, Ga., for plaintiff, Connerat, Dunn, Hunter, Cubbedge & Houlihan, Savannah, Ga., of counsel.

William C. Calhoun, U. S. Atty., Augusta, Ga., Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., for defendant.

SCARLETT, District Judge.

The above motion was heard in open court, both parties appearing, and briefs submitted by both parties.

It appears that the captioned action was brought by plaintiff as a result of an indemnity claim made by plaintiff against the United States of America after the death of plaintiff's son in the United States Armed Forces.

Plaintiff made an administrative claim against the defendant through its agent, the Veterans Administration, for a gratuity known as Servicemen's Indemnity, which is available to all servicemen and payable to their beneficiary or to their surviving spouse, child or children, parent (including a stepparent, parent by adoption or person who stood in loco parentis to the serviceman at any time prior to entry into active service for a period of not less than one year), in the event of the death of the serviceman in the line of duty.

The Veterans Administration denied the plaintiff's claim and allowed the claim of one Patsy Brown Garrett, the maternal aunt of the veteran, and her husband, Ben Garrett, as persons who last stood in loco parentis to the serviceman. This decision apparently was based upon the fact that the deceased veteran designated Patsy Brown Garrett and Ben Garrett as his beneficiaries for military pay purposes, and listed Ben Garrett as his emergency addressee, and upon other evidence, including correspondence between the deceased serviceman and the Garretts, supporting the contention that the Garretts were parents by adoption. The initial controversy arose because the veteran did not designate a beneficiary for the Servicemen's Indemnity as he had a right to do.

The plaintiff appealed the decision of the Veterans Administration to the Administrator of Veterans' Affairs and the claim was denied on appeal by decision dated November 19, 1954.

The plaintiff filed suit in this court praying judgment for the indemnity in question and alleging that jurisdiction to hear this matter is conferred by Section 445, Title 38 U.S.C.A., which states in effect that in the event of disagreement as to claim under a contract of insurance between the Veterans Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States in the United States District Court. The Government thereafter filed its motion to dismiss contending that this court lacks jurisdiction of the subject matter for the reason that the United States had not given its consent to be sued in this action and the decision of the Administrator of Veterans' Affairs is final.

Upon consideration of the briefs filed herein, the Court is of the opinion that the motion should be sustained for the reason that the benefit sought is a gratuity for which Congress has not seen fit to waive the sovereign's immunity from suit. There is no authority under the Servicemen's Indemnity Act to bring suit to recover the indemnity provided by statute. The principle is well settled that the United States may not be sued without its consent and then only in the manner and to the extent specified in the Act of Congress authorizing a waiver of the sovereign's immunity from suit. Dalhite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

The Servicemen's Indemnity Act, 38 U.S.C.A. § 851 et seq., is unlike the War Risk Insurance Act, 46 U.S.C.A. § 1281 et seq., the World War Veterans' Act, 38 U.S.C.A. § 421 et seq., or the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq., all of which provided for contracts of insurance upon written application and payment of premiums, and which specifically authorized suit against the United States in the event of a dis-

agreement as to a claim under an insurance contract. The fact that Congress did not see fit to incorporate a similar provision authorizing suit against the United States in the Servicemen's Indemnity Act clearly shows that Congress did not intend to confer the right of suit under this Act. The reason for this is readily understood since, as the Government points out in its motion to dismiss, the Servicemen's Indemnity Act granted a gratuity as distinguished from a contractual benefit. This court does not have jurisdiction to review decisions of the Administrators of Veterans' Affairs in cases involving benefit payments in the nature of gratuities. VanHorne v. Hines, 74 App.D.C. 214, 122 F.2d 207, certiorari denied 314 U.S. 689, 62 S.Ct. 360, 86 L.Ed. 552, rehearing denied 314 U. S. 717, 62 S.Ct. 478, 86 L.Ed. 570.

Title 38 U.S.C.A. § 445 upon which the plaintiff relies for jurisdiction would not apply here for the reason that Section 445 limits jurisdiction to those cases in which a contract of insurance is in existence. Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852. This very jurisdictional question has been decided in a number of recent suits brought to recover the Servicemen's Indemnity. See United States v. Houston, 6 Cir., 216 F.2d 440; Brewer v. United States, D.C., 117 F.Supp. 842; McCoy v. United States, D.C.E.D.Okl. No. 3548-Civil; Pugh v. United States, D.C.E.D. Tex., Civil No. 1687.

It is also of interest to note that the Circuit Court of Appeals for the Fifth Circuit in Morgan v. United States, 115 F.2d 426, ruled that jurisdiction could not be found in the Tucker Act, Title 28 U.S.C.A. § 1346(d)(1), which provides that "the district courts shall not have jurisdiction under this section of: (1) any civil action or claim for a pension". The Court stated that although the Servicemen's Indemnity is not described as a pension, in its essential respect it is indistinguishable from a pension and would come within the prohibition of the statute.

Wherefore, it is ordered adjudged and decreed that the defendant's motion to dismiss be, and the same is, hereby sustained, and the plaintiff's complaint and cause of action be, and the same is, hereby dismissed for the reasons herein stated.