Mrs. Hazel D. KLISH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19246.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1962.

372

Vincent P. McCauley, Columbus, Ga., for appellant.

Truett Smith, U. S. Atty., Macon, Ga., for appellee.

Before CAMERON and BELL, Circuit Judges, and CARSWELL, District Judge.

**CAMERON, Circuit Judge.**

This action involves two National Service Life Insurance Policies, each in the face amount of $5,000.00, issued to the deceased husband of the appellant, Mrs. Klish. She filed a claim with the Veterans' Administration after her husband's death, and payment was refused on the ground that the policies had lapsed two years before for nonpayment of premiums. She filed suit in the United States District Court and the government moved for a judgment on the pleadings, which was granted on the grounds that a policy lapsed and had not been reinstated and that, as a matter of law, the ignorance of the insured that he had a serious disease (entitling him to a waiver of premium because of total disability) was not a "circumstance beyond his control" excusing the requirement [1] that he make application for waiver of premium within one year after the premium was due.

The allegations of the complaint are, in substance, as follows: John J. Klish (the "insured") was issued two $5,000.00 policies of National Service Life Insurance; insured paid premiums on these policies up to August 1, 1958, but not thereafter; on August 1, 1958, "the insured was suffering from incurable cancer, a fact which was, however, unknown to him;" "because of the lack of such

---

[1]. 38 U.S.C.A. § 712:

"(a) Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability began (1) after the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) before the insured's sixtieth birthday.

"(b) The Administrator, upon any application made after August 1, 1947, *shall not grant waiver of any premium becoming due more than one year before the receipt in the Veterans' Administration of application for the same, except as provided in this section.* Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or re-examination of an insured claiming benefits under this section, and may deny benefits for failure to cooperate. If it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy. In any case in which the Administrator finds that *the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums.*" [Emphasis added.]

knowledge, the insured failed to apply for a waiver of premiums prior to the alleged lapse of the policies on August 1, 1958;" on May 16, 1960, insured forwarded a non-medical application for reinstatement, which was disapproved as not timely filed; insured named plaintiff as principal beneficiary on June 14, 1960; insured forwarded premiums to the Veterans' Administration on July 11 and August 3, 1960, "in an amount previously determined by the Veterans Administration and of which the insured was notified;" "the disease of cancer suffered by the insured was one totally disabling him . . . and such disability began while the insurance policies aforesaid were in force under premium paying conditions;" because of this disability, "the insured was entitled to a waiver of premiums on said policies and application was made therefor" on July 28, 1960; insured made the application just before his death, "immediately upon being advised that he suffered from cancer," and "prior to that time he did not know he had the disease;" insured died on August 7, 1960, before his application for premium waiver was acted on; plaintiff's claim for insurance benefits was denied by the Veterans' Administration on August 23, 1960; insured's application for waiver of premiums was denied by the Veterans' Administration on September 1, 1960.

Appellant bases her appeal on two main contentions: (1) insured had a right to reinstate the policy and he exercised that right by forwarding the non-medical application for reinstatement and by paying the premiums, and (2) that insured had a right to waiver of premiums as provided by 38 U.S.C.A. § 712.[2]

 As to the claimed right of reinstatement, we believe the lower court was correct in holding that whether the policies should have been reinstated was a question for the Administrator, not the District Court. The Administrator denied the application for reinstatement as not being timely filed and not

in accordance with the regulations set forth in 38 C.F.R. §§ 8.22–8.24. Where the insured, in applying for reinstatement, has not complied with the statutory requirements and regulations, it is the duty of the Administrator to deny reinstatement. United States v. Holley, 5 Cir., 1952, 199 F.2d 575. Acceptance of premiums by the Administrator does not, in and of itself, reinstate the policy. Holley, supra.

 However, as to the waiver of premiums, we believe that the lower court was in error in holding that, as a matter of law, the ignorance of insured of his condition cannot be a "circumstance beyond his control" which might excuse his failure to file a timely application for waiver of premiums. Admittedly, the right of waiver of premiums is not self-executing, but acts only after application therefor is granted, Scott v. United States, 5 Cir., 1951, 189 F.2d 863; but if the failure to make a timely application is caused by circumstances beyond insured's control, the one year limitation does not apply. 38 U.S.C.A. § 712(b).

The lower court's decision is based on a misinterpretation of the holdings of this Court in Aylor v. United States, 5 Cir., 1952, 194 F.2d 968; Horton v. United States, 5 Cir., 1953, 207 F.2d 91; United States v. Sinor, 5 Cir., 1956, 238 F.2d 271. The holding in Aylor (at page 970 of 194 F.2d) is that:

> "* * * in order for an insured person to claim *a condition of his health* as 'circumstances beyond his control,' it must be shown that he was mentally incapable of making an application for waiver." [Emphasis added.]

And Horton (207 F.2d at page 94) and Sinor (238 F.2d at page 276) approve that rule.

The lower court concluded from the above cited cases that a lack of knowledge of a serious disease cannot be a sufficient reason to justify a failure to make application for a waiver of premi-

2. See Footnote 1, supra.

**374**

um payments, but that it must be alleged that insured was not in control of his mental faculties. The lower court held that since plaintiff had failed to make such an allegation, there could be no claim that the failure to make application for waiver of premiums was excused because of "circumstances beyond his control." However, the lower court has confused the basis on which the right of waiver of premiums is claimed with the excuse for not making a timely claim to that right.

Here the excuse for the failure to make an application was not claimed to be *"a condition of his health."* The excuse was that the insured did not *know* of the condition of his health which would entitle him to the waiver of premium benefit. In none of the three cases cited above was the claim made that lack of knowledge of the condition was the claimed excuse for not making the application. In all of those cases the excuse was that an application was not made because of "a condition of his health," not because of ignorance of the condition giving rise to the right. Assuming that it is the rule that one insured under a National Service Life Insurance Policy must be mentally incapable of making an application if the excuse given is the condition of his health, that is not the case here. The excuse given here is that insured did not know of his condition until immediately before he made the application for waiver, thus he could not have made it sooner.

 The mental competency of insured is not always the test. Aylor, Horton and Sinor, supra, do not so hold. Lack of knowledge of the existence of disease or its seriousness and effect, and lack of knowledge of total disability arising in the life of the policy may, as a matter of fact, be found to be due to circumstances beyond the control of the insured, and, hence, excuse the failure to make timely application for waiver. United States v. Vandver, 6 Cir., 1956, 232 F.2d 398; Landsman v. United States, 1953, 92 U.S.App.D.C. 276, 205 F.2d 18; United States v. Myers, 8 Cir.,

1954, 213 F.2d 223; Kershner v. United States, 9 Cir., 1954, 215 F.2d 737; Martin v. United States, 7 Cir., 1956, 238 F.2d 245. A person ignorant of his true condition cannot file an application for waiver of premium based on such condition, and if his ignorance of the facts is found to be "beyond his control," he may be excused from the one year limitation.

The judgment of the court below is, therefore, reversed and the case remanded to the District Court for appropriate proceedings not inconsistent with this opinion.

Reversed and remanded.