CUSANO v. ST. LOUIS SHUFFLE-BOARD CO., Inc., et al.

No. 14470.

United States Court of Appeals
Eighth Circuit.

March 10, 1952.

J. Leonard Schermer and Jerome A. Gross, St. Louis, Mo. (Herman M. Katcher, St. Louis, Mo., and Samuel J. Davidson, Hoboken, N. J., were on the brief), for appellant.

John H. Bruninga, St. Louis, Mo., for appellees.

Before GARDNER, Chief Judge, and RIDDICK and COLLET, Circuit Judges.

RIDDICK, Circuit Judge.

In this case after the answer had been filed and the issues joined in the District Court, the plaintiff-appellant moved for a dismissal without prejudice. The action was one for the infringement of a patent. The prayer was for an injunction and an accounting. The defendants were distributors of the accused device. The manufacturer, Rock-Ola Manufacturing Corporation, with the knowledge and consent of the plaintiff and the defendants, employed counsel to defend the action for its distributors and assumed the expenses incident to the defense.

On the hearing of the motion to dismiss the District Court ruled that: "The plaintiff will be permitted to dismiss without prejudice, the order of dismissal being conditioned on (1) the filing by the plaintiff of an agreement not to sue the defendants named as parties to this suit again at any time on the patent in question; and (2) upon payment of costs, reasonable attorneys' fees, and other expenses incurred in the defense of this suit, within a reasonable time after the entry of the order. The cause will be set for a hearing for the determination of reasonable attorneys' fees and other expenses, and the order will be entered thereafter." The plaintiff agreed not to again sue the defendants on the patent and filed a stipulation to that effect. After the hearing on the question of "reasonable attorneys' fees and other expenses," the court entered the order from which this appeal is taken. So far as material here, it provides: "It is on this 26th day of June, 1951, Ordered that the Plaintiff be permitted to dismiss the within action without prejudice, except as appears in the Stipulation filed, upon the condition that Plaintiff pay to the said Rock-Ola Manufacturing Corporation the sum of Two Thousand Seven Hundred Twenty-six Dollars and Twenty Cents ($2,726.20) and that Plaintiff pay the Court costs, all within thirty days from the date hereof, otherwise the trial in the above-entitled cause will be reset at the earliest available date."

This appeal must be dismissed for want of jurisdiction. Courts of appeals with some exceptions not important here have jurisdiction to review only final judgments of district courts. 28 U.S.C., sections 1291, 1292; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108, 110; Hunter v. Federal Life Ins. Co., 8 Cir., 103 F.2d 192, 194; Howell v. Terminal R. Ass'n of St. Louis, 8 Cir., 155 F.2d 807, 808; City of Louisa v. Levi, 6 Cir., 140 F.2d 512–514; Breeding Motor Freight Lines v. Reconstruction Finance Corporation, 10 Cir., 172 F.2d 416, 425; Roche v. Evaporated Milk Assn., 319 U.S. 21, 29–30, 63 S.Ct. 938, 87 L.Ed. 1185. The order from which this appeal is taken is not a final judgment. It disposed of no issue in the case. There is no judgment against the plaintiff for costs or expenses, nor is the case dismissed. In effect the order denied the plaintiff's motion to dismiss except on conditions which plaintiff declined to accept. An order denying a motion to dismiss is not a final appealable judgment. Southeastern Greyhound Lines v. McCafferty, 6 Cir., 169 F.2d 1, 3; Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911.

Appeal dismissed.