## HORTON v. UNITED STATES.
### No. 14406.

United States Court of Appeals
Fifth Circuit.

July 10, 1953.

Rehearing Denied Aug. 6, 1953.

Writ of Certiorari Denied

Nov. 30, 1953.

See 74 S.Ct. 233.

M. B. Grace, Birmingham, Ala., for appellant.

Russell, Chapin, Atty., Department of Justice, Washington, D. C., John D. Hill, U. S. Atty., William L. Hogue, Asst. U. S. Atty., Birmingham, Ala, Joseph D. Guilfoyle, Acting Asst. Atty. Gen., D. Vance Swann, Atty., Department of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment for the United States, defendant, below, in an action for insurance proceeds brought by Anna Horton, the beneficiary named in a policy of National Service Life Insurance, certificate No. N–11 629 671, issued by the defendant upon the life of John Horton while he was in the military service.

The insured John Horton, was inducted into the military service of the United States on October 5, 1942. He was discharged on October 13, 1945, because of service connected disability, and died on July 19, 1948, from hemorrhage caused by cancer of the pancreas. Premiums on the policy were paid through October, 1945, by deductions from insured's service pay. On September 24, 1945, insured applied to the Veterans Administration for a waiver of premiums under Section 602(n) of the National Service Life Insurance Act of 1940, as amended August 1, 1946, 38 U.S.C.A. § 802(n), because of continuous total disability. This application was granted by a decision rendered on July 11, 1946, and insured was notified that he was entitled to waiver from payment of premiums from February 9, 1945, to November 13, 1945, and there was refunded to him the money which had been deducted from his pay to pay premiums during the period of time that they were waived. No premiums on that insurance were paid on December 1, 1945, or at any time during the life of the veteran nor did the veteran at any time subsequent to November 13, 1945, file any application for waiver of premiums.

Within one year subsequent to the death of the insured, appellant filed with the Administrator of the Veterans Administration an application for waiver of premiums which application was denied on the ground that the insurance had lapsed on December 1, 1945, for non-payment of premiums. On appeal this deci-

sion of the Administrator was affirmed by the Board of Veterans Appeals. Having exhausted her administrative remedies appellant filed this action in the District Court claiming that she was entitled to the proceeds of the policy because the veteran was totally disabled at the time he filed his application with the Veterans Administration for waiver of payment of premiums and by reason thereof his policy continued in force without payment of premiums. In the alternative it is claimed that insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control.

The District Court was of opinion that the right of waiver of insurance premiums under Section 802(n) permitting same in event of total disability, is not self-executing upon the occurrence of disability, but operates only after application therefor is made and granted. He accordingly concluded that after the termination of waiver of premiums by the Veterans Administration, the insured was obligated to begin paying premiums again and if he desired thereafter a waiver of premiums or an extension of that waiver it was incumbent upon the veteran to make new application therefor; that Horton thereafter failed to file a timely application for the continued waiver of premiums and that his failure to do so was not caused by circumstances beyond his control. For these reasons and on the authority of the decisions [1] of this Court to which he referred, the District Court directed a verdict for the defendant.

Appealing from the judgment that was entered on the jury verdict appellant contends that this court should determine and hold that because the veteran became continuously and totally disabled his policy continued in force without payment of premiums. In support of this contention it is argued that Horton complied with the statute which requires the filing of but one application for waiver of premiums; that the Veterans Administration had no authority to limit the waiver without examining the insured as the statute requires, to determine whether or not the total disability had ceased; and had no right or authority to lapse the insurance until the statute had been complied with and the Administrator had determined that the total disability had ceased. In the alternative it is claimed that the insured's failure to file a timely application for the continued waiver of premiums was due to circumstances beyond his control. We do not at all agree.

■■ The statute [2] vests in the Administrator of Veterans Affairs, authority to issue regulations giving waiver and discontinuance of waiver of premiums on National Service Life Insurance policies. Unless inconsistent with the law, such regulations have the force and effect of law and are provisions of the insurance contract between the Veterans Administration and the veteran. Federal Crop Insurance Corporation v. Merrill, 332 U. S. 380, 68 S.Ct. 1, 92 L.Ed. 10, 175 A.L.R. 1075; Jones v. United States, 8 Cir., 189 F.2d 601. The pertinent regulation which was effective on the date the determination was made in the instant case that waiver should be discontinued is set forth in the margin.[3] We find noth-

1. Scott v. United States, 5 Cir., 189 F.2d 863, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L.Ed. 660; Aylor v. United States, 5 Cir., 194 F.2d 986; Walker v. United States, 5 Cir., 197 F.2d 226.

2. 38 U.S.C.A. §§ 802(n), 808.

3. Veterans Administration Regulation 3442 (38 C.F.R., 1944 Cum.Supp. 10.3442) provides:
   "*Discontinuance of premium waiver.* The Administrator may require proof of continuance of total disability at any time

when he may deem same necessary. In the event it is found that an insured is no longer totally disabled the waiver of premiums shall cease as of the date of such findings; (or in the event a finding that the insured is no longer totally disabled is made at the same time a finding is made of total disability entitling the insured to a waiver of premiums while so disabled, the waiver of premium shall cease as of the date on which total disability ceased). After a waiver of pre-

ing in the statute or regulation which would preclude a consideration of the records of the military service which showed that Horton had been released from hospitalization and that his physical condition at the time of his discharge showed a rating of 40% disability. The records of the Army physicians who had the veteran under close and continued observation over an extensive period should be and doubtless were the most accurate that could be obtained. It is plain to us as it was to the District Judge that the Veterans Administration had the authority to determine the waiver of premiums in the manner in which it did. Cf. United States ex rel. Wilkinson v. Hines, 64 App.D.C. 5, 73 F.2d 514.

■ The Veterans Administration having exercised its power to determine the waiver of premiums on Horton's policy several alternatives were still open and available to the veteran. We mention only the following: He could have appealed the decision terminating his waiver; could have resumed the payment of premiums; could have applied for reinstatement; or could have applied at any time within one year subsequent to August 1, 1946, for waiver of premiums. However, after receipt of notice of the termination of the premiums waiver, he did nothing that he could have or should have done but on the contrary acquiesced in the findings of the Veterans Administration and accepted its decision. It follows that the insured did not have a right of waiver of premiums because of total disability for the reason that he had not filed an application for waiver within one year after August 1, 1946, nor within one year after the premiums became past due. The beneficiary had no more rights than the insured and was not entitled to waiver of premiums or to again raise the question of the insured's alleged continuous total disability, or to recover on the policy which had lapsed for nonpayment of premiums due December 1, 1945.

■ In accord with the District Judge we think it plain that there is no evidence in this record which would have justified a finding administratively or by the court that the insured could have claimed a condition of health, as a circumstance beyond his control within the purview of the statute, which excused him from making an application for waiver of premiums. As was pointed out in Aylor v. United States, 5 Cir., 194 F. 2d 968, in order for an insured person claiming a condition of health as a circumstance beyond his control, it must be shown, and the burden is on the plaintiff to show, that he was mentally incapable of making an application for waiver. No such showing was here made. Other matters urged by the appellant have been considered but we are of the view that the record discloses no error affecting the substantial rights of the appellant, and the judgment appealed from, is therefore,

Affirmed.

---

miums has ceased the insurance may be continued by payment of premiums, the due date of the first premium payable being the next regular monthly due date of the premiums under the policy; however, the insurance shall not lapse prior to date of expiration of the grace period allowed for the payment of such premium, or prior to the expiration of thirty-one days after date of notice to the insured of the termination of the premium waiver whichever is the later date. Such notice shall be sent by registered mail, return receipt requested, advising of the due date of the first premium payable after termination of the waiver and of the amount of premiums payable. Sufficient notice within the provisions of this regulation will be deemed to have been given when such letter reaches the insured's last address of record, and the failure of the insured to furnish a correct current address at which mail will reach him promptly shall not be grounds for a further extension of time for payment of premiums under this paragraph: * * *."