**UNITED STATES v. MYERS.**

No. 14929.

United States Court of Appeals
Eighth Circuit.

June 4, 1954.

Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo. (Warren E. Burger, Asst. Atty. Gen., Harry Richards, U. S. Atty., St. Louis, Mo., and Samuel D. Slade and Russell Chapin, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellant.

Daniel Heagney, St. Louis, Mo. (Henderson & Heagney, St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the United States of America from a judgment for William H. Myers, plaintiff-appellee. A National Service Life Insurance Policy for $10,000 had been issued to Myers while he was a soldier in the army. He was discharged from the army on December 31, 1945, and one month thereafter the policy lapsed for non-payment of premiums. In this action Myers sought to have the policy declared to be in force with premiums waived on the ground that his failure to make timely application for waiver of premiums was due to circumstances beyond his control.

The case was tried to the court without a jury. The court made findings of fact and entered the judgment complained of here.

The action was brought under § 602 (n) of the National Service Life Insurance Act of 1940, 54 Stat. 1011, as amended, 38 U.S.C.A. § 802(n).

The applicable language of the statute reads: "Upon application by the insured * * * payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months * * *: Provided," that application be made within one year after August 1, 1946; and *"Provided further,* that in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums".

Myers did not submit his application for waiver of premiums until April 18, 1951, more than five years after the lapse of his insurance for non-payment of premiums and more than four years after August 1, 1947.

The only issue on the trial of the case was, therefore, whether such delay "was due to circumstances beyond his control". The trial court found specifically for the plaintiff, and his finding must be sustained provided it is not "clearly erroneous." Rule 52 of the Rules of

Civil Procedure, 28 U.S.C.A. The court's findings and opinion are reported in 112 F.Supp. 809.

The appellant contends that the court erred in finding that the insured's failure to file a timely application for waiver of premiums was due to circumstances beyond his control within the meaning of the Act, in that

A. The United States is not required to inform an insured of his exact physical condition or that he may be entitled to a waiver of premiums; and

B. The phrase "circumstances beyond his control" was not intended to include insured's lack of knowledge that he had become continuously totally disabled at a time prior to the lapse of his insurance.

■ These contentions are not squarely responsive to the undisputed findings of fact made by the court. The finding of the court supported by undisputed evidence is that the officers of the United States did undertake to advise Myers of his condition and that they negligently misled him. It was agreed in the trial court, and it is conceded in appellant's brief, that Myers was totally disabled when he was discharged from the army on December 31, 1945 (prior to the lapse of his insurance), and that such disability has continued to the present time. He entered the armed service when he was 20 years old in December, 1942, in good health; and he was discharged December 31, 1945, totally disabled with tuberculosis.

Upon the trial the court considered the evidence of both plaintiff and defendant. In reliance thereon he set out the circumstances which led plaintiff to believe that he had no physical ailment at the time of his discharge from the army. In brief such evidence is as follows:

At the time of, but prior to his discharge from the armed service, under army regulations and pursuant to orders, plaintiff was examined physically, including an X-ray of his chest, by defendant's doctors. The examination was for the purpose of determining plaintiff's physical condition at the time of his discharge. At that time he was informed that if any physical disability was found he "would be called back." He was not called back; nor was he informed that he had any disability. The X-ray film was examined by defendant's doctors after August 1, 1947, and they then reported that the film showed symptoms of tuberculosis. It is admitted that defendant's doctors failed to discover at the time of discharge the disease from which Myers was then suffering.

On July 22, 1947, while at work, plaintiff suffered from a hemorrhage and he was advised to report to the defendant's Veterans' Administration. He acted accordingly, and the doctors there informed him that he had active tuberculosis; and he has been in a Veterans' Hospital ever since.

The court summarized its conclusions as follows, 112 F.Supp. at page 812:

"Defendant made the examination at a time selected by it. This was a circumstance over which plaintiff had no control. Defendant chose the doctors to make the examination. Over this plaintiff had no control. Defendant conducted the examination according to its own plan. This was a circumstance beyond plaintiff's control. What defendant could find upon the examination and would reveal to plaintiff as a result of the examination was a circumstance beyond plaintiff's control. The acts of defendant in the course of its conduct, whether or not involving negligence, in leading plaintiff to believe he had no physical ailment, were each and all circumstances beyond plaintiff's control."

It is the defendant's contention that these circumstances, including ignorance of the soldier of his physical condition, do not constitute "circumstances beyond the soldier's control" within the meaning of the National Service Life Insurance Act, supra. The identical

point has been before the courts but once. It was submitted and passed upon in but one cited case, namely Landsman v. United States, 92 U.S.App.D.C. 276, 205 F.2d 18, 22, certiorari denied 346 U.S. 876, 74 S.Ct. 127, wherein the court said: "Giving the phrase 'circumstances beyond * * * control' its fair meaning, free of artificial restriction, we think that ignorance of the existence or seriousness of an injury or disease may in a proper case constitute such a circumstance—if the ignorance is in fact beyond control." And the court granted relief.

We agree with the interpretation of the law as thus expressed by the Court of Appeals of the District of Columbia. Applying that test to the issues here presented requires an affirmance of the judgment appealed from.

■ The United States appeals also from that part of the judgment of the court reading: "* * * if, as, and when said policy matures as a death claim, plaintiff's attorney shall receive as his attorney's fee, five per centum (5%) of the proceeds paid on the policy ordered reinstated, equal to but not to exceed 5% of each of such payments on the policy receipts."

The contention of the appellant is that the award of an attorney's fee under the circumstances of this case is prohibited by statute. The statute relied upon is § 500 of the World War Veterans' Act of 1924, 43 Stat. 628, as amended, 38 U.S.C.A. § 551, the pertinent part of which reads:

"* * * payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the Veterans' Administration shall not exceed $10 in any one case: *Provided, however,* That wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this title the court, as a part of its judgment or

decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered and to be paid by the Veterans' Administration out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid. * * *"

The contention is that since attorneys' fees may be paid only "out of the payments to be made under the judgment or decree", no attorneys' fee is authorized or can be paid in this case.

This same argument was made in the district court, and Judge Hulen wrote a "Supplemental Memorandum" analyzing the pertinent statutes and stating the basis of his allowance of the fee provided for in the judgment appealed from. See 112 F.Supp., at page 813. Clearly this is an action upon a claim filed under § 445 of the Code, 38 U.S.C.A. § 445, and denied by the Administrator. Since the fees allowed must be paid by the Administrator "out of the payments to be made under the judgment" there is, of course, a possibility that no fee will ever be paid. It may be that the total disability of the veteran may not continue until death and that if he should recover he may not pay the premiums. In either case no payments would be made and no fee would be deducted.

■ But there is a judgment now protecting the rights of the veteran. That judgment was procured by the labors of his attorney; and the record discloses that it was by means of his labor in investigating the facts and his skill in handling the case that the judgment was obtained. His briefing and labor in this court have been equally helpful. For that reason the judgment should be modified by increasing the attorney fee to 10 per cent of the amount received by the veteran or the beneficiary, if any.

The judgment appealed from is accordingly affirmed as modified.