**Mrs. Grace J. LINTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15545.**

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1955.

D. W. Rolader, O. C. Hancock, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The question presented by this appeal is whether the decision of the court below, sitting without a jury, was clearly erroneous in holding that appellant's evidence failed to show that insured's mental incapacity was a circumstance beyond his control as defined in the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq., so as to excuse his failure to apply, during his lifetime, for waiver of premiums provided for therein. The policy sued on had, under its terms as fixed by said Act, lapsed for nonpayment of premiums long before his death and this action could be maintained only if appellant, the beneficiary, could show that the insured was excused from applying for waiver of premiums by reason of his claimed mental disabilities, amounting to "circumstances beyond his control". The court below held that appellant had not met that burden and rendered judgment in favor of the Government, appellee.

Appellant, plaintiff below, based her action on a National Service Life Insurance Policy issued to her husband, John L. Linton, Sr., in the sum of $5,000.00 effective April 1, 1943, alleging that she had filed her claim as beneficiary and that her claim had been denied by the Veterans Administration and on appeal by the Board of Veterans' Appeals, all of which facts were established by stipulation. The parties further stipulated that the policy was kept in force by the payment of premiums through the month of October, 1945, and that no payment of premium had been made since that time, and that the insured died May 10, 1952. The insured filed no application for waiver of premiums during his lifetime, but the appellant filed such an application after his death.

The stipulation further showed that the Veterans Administration had determined administratively that the insured was totally disabled continuously for insurance purposes from April 12, 1945 until the date of his death. That determination was made as the result of an examination of the insured by the Mili-

tary Board of Medical Officers of United States Marine Corps, which found insured unfit for military service because of "Anxiety reaction, mild, subacute, manifested by fatigability, insomnia, dizziness, irritability, tenseness, tremulousness and difficulties in concentrating". That Board was of the opinion that the insured would suffer a mild impairment of his faculties which would curtail his activities in civilian life.

Appellant relied upon her own testimony and that of two doctors, one of whom was a psychiatrist, all of whom testified before the court in person. The evidence on behalf of appellee consisted of the testimony of a psychiatrist employed by the Veterans Administration and twenty-three exhibits taken from the file, most of which related to transactions had between the insured and the Veterans Administration. These included such documents as reports of insured's divorce from his first wife and marriage to the appellant, application for change of beneficiary and for additional insurance, a number of letters concerning hospitalization and other benefits claimed and used by the insured and similar documents.

The court below found against the contentions of appellant, this being a part of its opinion: "Under the facts here the court finds that such failure of John L. Linton, Sr. to file an application for waiver of premiums was not due to circumstances beyond his control and that, during the period when such application might properly have been filed,

he was mentally capable. Indeed, plaintiff's status as his wife and beneficiary depend upon his having been mentally capable on August 28, 1948 and December 30, 1949".[1] The trial court concluded that the failure of appellant to sustain the burden on this crucial point was fatal to her case.[2]

Appellant asks us to set aside as clearly erroneous these findings and conclusions of the court below and to vacate the judgment entered thereon. She claims that the court below erred in finding as a fact that the insured was mentally capable of filing an application for waiver of premium and in refusing to find that the mental incapacity of the insured was a circumstance beyond his control which would furnish a legal excuse for his failure to apply for waiver of premium. She thus epitomizes the issue which was before the lower court: "This case therefore resolves to the determination of one important question: 'Was the mental incapacity of the insured a circumstance beyond his control such as to legally relieve him from making an application for waiver of premiums during his lifetime?'"

The lower court answered that question in the negative and, in our opinion, the record justifies that answer. The legal principles which control the decision of this case are well settled by the statute under which the action was brought and the decisions of this court construing it.

▆▆▆ It is well settled that the Service Life Insurance Policy here sued on

---

1. The former date was the day on which the insured and appellant married, and the latter the day on which application was made by insured for change of beneficiary, which forms the basis of this action.

2. The conclusion of law announced by the court below is thus stated:

"Title 38 U.S.C.A. Section 802(n) authorizes a waiver of premiums during continuous total disability under prescribed conditions. Such waiver is conditioned upon a timely filing of an application for such waiver and the application is a necessary element of and for such waiver.

"It is provided that in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums, or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control that the Administrator may grant waiver of premiums, but when it is claimed the health of the insured person was a circumstance beyond his control, the burden is on the plaintiff to show that the insured was mentally incapable of making an application for waiver of premiums. No such showing has been made here."

was not a gratuity but a contract between the Government and the insured and recovery can be had only if the evidence establishes a claim under the terms of that contract.[3] It being undisputed that no premiums were paid on the contract after the end of October, 1945, the policy lapsed unless saved by some fact or circumstance recognized by law. The attempt by appellant after the death of the insured to revive the policy by making posthumous application for waiver of premium can avail appellant nothing because her rights are no greater than those of the insured.[4]

■ The right of the insured to obtain a waiver of premium payments was not self-executing, but would be granted only upon seasonable application, Scott v. United States, supra. That right could be exercised only under the circumstances and conditions set forth in the statute upon which it was based.[5] The insured did not apply for waiver of premiums within one year after August 1, 1946 or at any other time, although he lived more than six years after the policy lapsed for nonpayment of premiums.

■ Appellant accepted the foregoing principles as governing her case and set about to prove to the court below that the mental incapacity of the insured was complete and continuous and constituted a circumstance beyond his

control which would excuse the nonpayment of premiums and the non-application for their waiver. This proof was required to be of such character and weight as to show that the insured was mentally incapable of making application for such waiver, cf. Horton v. United States, supra. The court below did not think that appellant had sustained the burden of bringing her rights within the purview of the tests laid down in the cases cited.

■ While the Medical Board had recommended the veteran's discharge because of his mental condition, a condition resulting from long exposure to the elements and to enemy gunfire, it was the Board's opinion that he would suffer only a mild impairment to his activities and ability to function normally in civilian life. The evidence before the court sustained that prognosis. Insured had high blood pressure, was quite nervous and moody, blacked out at times and at others was somewhat flighty. At other times, without dispute, he was in possession of his faculties and transacted much business with the Veterans Administration similar in kind and character to an application for waiver of premium and requiring a mentality and grasp of facts of fully as high an order. In fact, when he applied for a new policy some four years after the lapse of the old one, he

3. Walker v. United States, 5 Cir., 1952, 197 F.2d 226. This was a case where the insured committed suicide nine months after the policy had lapsed and the beneficiary claimed that he was mentally incapacitated during that entire period to such an extent as would excuse his failure to apply for waiver of premiums, but the trial court found otherwise and we affirmed.

4. Scott v. United States, 5 Cir., 1951, 189 F.2d 863, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L.Ed. 660; Aylor v. United States, 5 Cir., 1952, 194 F.2d 968; Horton v. United States, 5 Cir., 1953, 207 F.2d 91, certiorari denied 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403.

5. 38 U.S.C.A. § 802(n), the pertinent portions of which follows:
"Upon application by the insured and under such regulations as the Administra-tor may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, * * * while the insurance was in force under premium-paying conditions * * *: Provided, That upon application made within one year after August 1, 1946, the Administrator shall grant waiver of any premium * * * which may be waived under the foregoing provisions of this subsection * * *: Provided, further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums * * *."

stated in his application that he had no government insurance.

In our view, the decision upon the facts by the court below was not clearly erroneous, but was sustained by the evidence before it and the judgment is

Affirmed.