**Mildred Garner GOSSAGE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 12475.

United States Court of Appeals
Sixth Circuit.

Jan. 26, 1956.

Service Life Insurance Policy issued on the life of Robert M. Garner. The appellant is Garner's widow and was his designated beneficiary under the policy.

Garner was honorably discharged from the Navy on January 9, 1946. Premiums on the policy in suit had been paid by allotment from his service pay, but no premiums were paid after his discharge, and the policy therefore was in force on a premium-paid basis only through February 9, 1946. Garner died of cancer on December 1, 1947, almost twenty-two months later. In her complaint as amended, the appellant alleged that Garner was totally disabled for a continuous period from prior to February 9, 1946, until his death, and that he was prevented from applying for waiver of premiums on his policy during that time by circumstances beyond his control.

Under the law, Garner was entitled to waiver of premiums if he was totally disabled for a continuous period of six months or more commencing while his insurance was in force. It was his duty, however, to apply for waiver of premiums prior to August 1, 1947, in order to secure premium waivers extending back for more than a year. Only if his failure to make timely application for waiver of premiums was due to circumstances beyond his control, could a retroactive premium waiver sufficient to prevent the lapse of his policy have been granted. Garner did not apply for waiver of premiums during his lifetime. The appellant beneficiary therefore had a right under the statute to make application for waiver within one year after the date of his death.[1]

W. Raymond Denney, Nashville, Tenn. (Denney, Leftwich & Glasgow, Nashville, Tenn., on the brief), for appellant.

Lionel Kestenbaum, Washington, D. C. (Warren E. Burger, Samuel D. Slade, Washington, D. C., Fred Elledge, Jr., Nashville, Tenn., on the brief), for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This appeal is from the District Court's judgment in favor of the United States in an action in which the appellant sought the proceeds of a National

---

1. The applicable statute provides as follows: "Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: *Provided,* That upon application made within one year after August 1, 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to August 1, 1946 which may be waived under the foregoing provisions of this subsection: *Provided further,* That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due

The appellant's application for retroactive waiver of premiums and for the proceeds of the policy was made within a year of Garner's death and was denied by the Veterans Administration upon the ground that total disability did not exist until March 27, 1947, on which date the policy was no longer in effect. After exhausting her administrative rights of appeal, the appellant brought this action.

Although a beneficiary is entitled under the statute to apply for waiver of premiums for an additional year after the death of the insured, it is well settled that the beneficiary has no rights with respect to waiver superior to the rights which the insured had at the time of his death. If Garner at the time of his death had lost his right to obtain a waiver because of lapse of time, the appellant's application could not operate to revive it. United States v. Cooper, 6 Cir., 1953, 200 F.2d 954; Aylor v. United States, 5 Cir., 1952, 194 F.2d 968; United States v. Baker, 10 Cir., 1951, 191 F.2d 1004; Kershner v. United States, 9 Cir., 1954, 215 F.2d 737; Landsman v. United States, 1953, 92 U.S.App.D.C. 276, 205 F.2d 18. Consequently, the appellant had the burden of showing that Garner was totally disabled for a continuous period commencing before February 9, 1946, and that his failure to apply for waiver of premiums before August 1, 1947, was due to circumstances beyond his control, the same burden which Garner himself would have had to carry in applying for a waiver extending back to February 9, 1946.

Garner returned from overseas on December 3, 1945, and was immediately sent to a Navy hospital in Memphis, where he stayed about three weeks. At that time it was thought that he had a goiter. He also had "jungle rot," a skin ailment. He was discharged from the Navy as ten per cent disabled.

From the time of his discharge until his death twenty-two months later Garner was never employed in a gainful occupation. During the entire period he was under the care of physicians. He spent the first several months after his discharge at his home in Columbia, Tennessee. During that time he often had a fever, his voice was constantly hoarse, and he was short of breath. The physician who attended him during that period also thought that he had a goiter.

In the summer of 1946 he and his wife moved to Nashville, where he enrolled in a watchmaking school, which he attended quite regularly during the ensuing months.

It was not until March of 1947 that Garner's condition was diagnosed as chest cancer, first suspected by a Nash-

---

more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: *Provided further*, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: *And provided further*, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof." 38 U.S.C.A. § 802(n).

ville physician, and then confirmed by the Veterans Hospital in Nashville, where Garner was hospitalized from March 27 to May 22, 1947.

Garner was not told of the diagnosis of cancer. At that time and thereafter, Garner received deep X-ray therapy. He was again admitted to the Veterans Administration Hospital in the summer of 1947. As his health deteriorated, he was taken in September of 1947 to New York City Memorial Hospital for examination and treatment, and in November of 1947 to the Hoxie Cancer Clinic in Dallas. He was brought back from Dallas to Nashville in an ambulance on November 30, 1947, and died the next day.

About a month before his death Garner requested a representative of the Veterans Administration to visit him at his home in East Nashville. During that visit Garner asked that an effort be made to have his disability declared service-connected so that his family would receive larger death benefits. Garner told his visitor that he was suffering from cancer and would probably not live for more than six weeks.

During the entire period of his illness Garner's mental condition was good. Two of his friends testified as to his normal mental condition and rational behavior, and appellant herself freely conceded that there was nothing "wrong with his mind." Garner's own actions in pursuance of his rights as a veteran during the twenty-two month period were also indicative of his complete mental competence. In April, 1946, he applied for a pension. In June, 1946, he applied under the GI Bill of Rights for the course of training as a watchmaker in which he subsequently enrolled. In August, 1947, he applied for a pension for permanent and total disability not resulting from service. In early September, 1947, he visited his Congressman's office in Nashville and discussed with him his pension applications. In October, 1947, as already stated, he sent for a representative of the Veterans Administration and requested that an effort be made to have his disability be declared service-connected.

Moreover, in May of 1947 Garner applied for reinstatement of his National Service Life Insurance policy. While the claim is made that the Veterans Administration furnished him the wrong form to fill out in making this application for reinstatement, the appellant does not contend that Garner at that time thought he was making or was attempting to make application for waiver of premiums. The fact is that Garner tendered two months' premium with the application for reinstatement, and later directed that proceeds of his Armed Forces Leave Bond be credited to premiums in connection with the pending application and also tendered an additional amount of cash for premiums. This application was denied in July, 1947, because of Garner's failure to meet comparative health requirements.

The trial judge submitted to the jury one question for a special verdict: "Was the deceased veteran, Robert M. Garner, permanently and totally disabled from February 9, 1946, and continuously so to the date of his death, December 1, 1947?" The jury answered the question "Yes."

Thereafter, the court considered the parties' motions for a directed verdict on the issue of whether Garner's failure to apply for waiver of premiums was due to circumstances beyond his control. In an oral opinion reviewing the facts set out above, the district judge concluded that the United States was entitled to a directed verdict on this issue upon the authority of this court's decision in United States v. Cooper, 6 Cir., 1953, 200 F.2d 954, and judgment was entered accordingly.

The District Court's conclusion was correct. In the Cooper case this court decided that proof alone of physical illness is not sufficient to establish that the veteran's failure to apply for waiver of premiums was due to circumstances beyond his control. See also, Aylor v. United States, 5 Cir., 1952, 194

F.2d 968; Horton v. United States, 5 Cir., 1953, 207 F.2d 91; Scott v. United States, 5 Cir., 1951, 189 F.2d 863. In the Cooper case, as in the present case, the decedent's own actions with respect to his other rights as a veteran served to belie any claim of mental incompetency. In that case, as in the present case, the veteran applied for reinstatement of his insurance policy and also for disability compensation.

The Courts of Appeals in some of the other Circuits have held that where the veteran was ignorant of the fact that he was totally disabled, and particularly where such ignorance was the result of circumstances beyond his control, his failure to apply for waiver of premiums could properly be held to be due to circumstances beyond his control. Landsman v. United States, 1953, 92 U.S.App. D.C. 276, 205 F.2d 18; Kershner v. United States, 9 Cir., 1954, 215 F.2d 737; United States v. Myers, 8 Cir., 1954, 213 F.2d 223. See Sly v. United States, 7 Cir., 1955, 220 F.2d 212. That question has not yet arisen in this court, and it does not arise in the present case.

As the trial court found, Garner did know that he had cancer, having learned of it some time between March, 1947, when the condition was first diagnosed, and October, 1947, when he was visited by the representative of the Veterans Administration.[2] Moreover, at the time of that visit, when his knowledge of his condition was definitely established, it was also established that his informed understanding was so clear as to discern the relative advantages of nonservice-connected and service-connected disability.

This court did not in the Cooper case, nor do we here, attempt to catalogue the various circumstances which could properly be considered circumstances beyond the veteran's control, preventing him from applying for a waiver

of premiums. We hold, upon the binding authority of the Cooper case, only that the circumstances of the present case, including Garner's knowledge of his physical condition at a time when he was demonstrably capable of understanding and asserting his rights, did not constitute such circumstances.

The judgment of the District Court is affirmed.

---

2. Appellant has not argued that even though Garner knew of his illness in September or October, 1947, he did not know of it prior to August 1, 1947. In any event, while the exact date that Garner learned of his condition was not shown, he had a duty to act within a reasonable time after October, 1947, when he concededly knew of his condition, and he failed to do so.