**UNITED STATES of America,**
**Appellant,**

v.

**Marguerite May DONALDSON and Elmira Donaldson Lucker, Appellees.**

No. 15308.

United States Court of Appeals
Ninth Circuit.

June 13, 1957.

George C. Doub, Asst. Atty. Gen., William W. Ross, Samuel P. Slade, Attorneys, Department of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Seattle, Wash., for appellant.

William H. Mullen, John F. Dore, Yothers, Luckerath, Harris & Dore, Seattle, Wash., for appellees.

Before STEPHENS, FEE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal by the United States from a judgment for the plaintiff, Marguerite May Donaldson, in an action brought to recover the proceeds of a National Service Life Insurance policy. Plaintiff is the mother of the deceased insured. The other appellee, Elmira Donaldson Lucker, is the widow of the deceased insured, and was permitted to intervene in the action. Appellees have, by agreement, settled their respective rights in the policy.

The principal question for determination here is whether the failure of the insured to make timely application for waiver of premiums was due to circumstances beyond his control. The trial court held that it was.

The policy, in the sum of ten thousand dollars, was issued to the insured, Allen Perry Donaldson, on August 6, 1943, while he was in the service of the United States Naval Reserve. In September, 1943, Donaldson was hospitalized for a condition which was then diagnosed as Hodgkin's disease, said to be an invariably fatal illness. He was discharged to limited duty in January, 1944. However, in July, 1944, after a re-examination, the Navy classified his ailment as lymphadenitis cervical, a curable condition. He was then returned to active duty. Donaldson was married shortly thereafter, and in October, 1945, was discharged, apparently physically fit, except for defective eyesight and teeth. In December, 1945, his NSLI policy lapsed for nonpayment of premiums.

In the fall of 1948, Donaldson was examined by physicians of the Veterans' Administration, and his condition was again diagnosed as Hodgkin's disease. Donaldson knew of this diagnosis, and was presumably aware that it was considered a totally disabling disease. He received out-patient treatment for more than three years, but the state of his health grew progressively worse. After a brief period of hospitalization, he died of Hodgkin's disease on March 24, 1952.

Within one year after his death, Donaldson's mother applied to the Veterans' Administration for benefits under the policy.[1] Her claim was denied on the ground that the insurance was not in force at the date of death, it having lapsed on December 6, 1945. After an appeal to the Board of Veterans' Appeals, this action was instituted.

Before a beneficiary may assert the right to a waiver of premiums under 38 U.S.C.A. § 802(n), it must be shown that such a right existed in the insured at the date of death. Kershner v. United

---

[1] The parties to this action have stipulated that appellees' claim for benefits under the policy was treated and processed by the Veterans' Administration as a petition for reinstatement and for waiver of premiums under 38 U.S.C.A. § 802(n).

States, 9 Cir., 215 F.2d 737. Hence, the question presented is whether Donaldson could have obtained the waiver of premium on March 24, 1952.

Under the cited statute, premiums on NSLI policies may be waived during periods of continuous total disability. Hence, on March 24, 1952, Donaldson, being totally disabled by Hodgkin's disease, could have obtained a waiver of premiums then due, assuming that his NSLI policy was in good standing. Appellant points out, however, that, under the second proviso of § 802(n), except under the circumstances described below, an application for waiver made after August 1, 1947, can have no effect on premiums which became due more than one year prior to the date application is made. Since Donaldson's premiums had not been paid since 1945, an application made in 1952 could not have served to restore the policy.

■ As before noted, however, § 802 (n) contains one exception from the provision requiring timely application for waiver of premiums. This exception, set out in the third proviso of § 802(n), reads as follows:

"Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums."

Appellees contend, and the trial court found and concluded, that the failure of Donaldson to apply for a waiver of premiums between December, 1945, and March, 1952, was due to circumstances beyond his control. Appellant challenges this holding.

The meaning of the phrase "circumstances beyond his control" has been the subject of considerable judicial discussion. It is now settled that where the insured is ignorant of the fact that he is totally disabled (and thus ignorant of the fact that he is entitled to waiver of premium benefits), the ignorance of his disability may be a circumstance beyond his control which excuses the failure to make timely application for waiver. Landsman v. United States, 92 U.S.App.D.C. 276, 205 F.2d 18; Kershner v. United States, 9 Cir., 215 F.2d 737; United States v. Vandver, 6 Cir., 232 F.2d 398.

■ The trial court did find as a fact that Donaldson was totally disabled between 1943 and 1952, and that he was ignorant of his disability until 1948, due to the incorrect diagnosis in 1944. This finding is amply supported by the evidence. Indeed, the government does not contend otherwise on this appeal. The government does contend, however, that Donaldson's failure to apply for a waiver after 1948 was unexcused and should defeat the right of the beneficiary here.[2]

It is true that in 1948 Donaldson became aware that he was then suffering from a totally disabling disease. However, the trial court found, in effect, that he was not then advised, and did not know, that he had suffered from this totally disabling disease between 1945 and 1948. The court further found, in effect, that, because of the incorrect 1944 diagnosis, Donaldson was misled into believing, up to the time of his death, that he had not suffered from this totally disabling disease between 1945 and 1948. In view of these circumstances, and since premiums may be waived only during periods of total disability, the court found that Donaldson had no reason to believe, from 1948 to the time of his death, that an application for waiver of premiums,

2. In making this argument, the government necessarily reads the third proviso of § 802(n) as a tolling provision affecting the limitation otherwise imposed by that section. Cf. Gossage v. U. S., 6 Cir., 229 F.2d 166, 170. Thus, the government contends that Donaldson's duty to apply for a waiver was reinstated in 1948 when he became apprised of the nature of his illness. We have not found it necessary to consider the correctness of this construction.

then filed, would operate to reinstate the policy.

On the basis of these findings, the trial court concluded that the failure to make timely application for waiver of premiums was due to circumstances beyond his control.

The government argues that this holding of the trial court extends the doctrine laid down in Kershner to the point where the requirement of a timely application is effectively eliminated. It contends that every beneficiary under a lapsed policy could plausibly claim that his insured was not certain that he was totally disabled at the time of the lapse of the policy.

Under the statute, and under the trial court's ruling in this case, however, there must be more than a plausible claim of uncertainty as to pre-existing disability. It must also be shown, as it was here, that such uncertainty was due to circumstances beyond the control of the insured.

Donaldson was placed in the dark as to his true condition by Navy physicians, and after a medical examination. He had every reason to rely on their judgment and the accuracy of their examination. We cannot doubt that their error deprived Donaldson of a chance to decide for himself whether he wanted his insurance to continue. Kershner v. United States, supra.

We hold that the findings of fact were not clearly erroneous, and that the trial court correctly concluded therefrom that Donaldson's failure to make timely application for waiver of premiums was due to circumstances beyond his control.

One further contention remains to be considered. The trial court awarded attorney's fees in the sum of one thousand dollars to the attorney for the plaintiff. By virtue of the agreement between the two appellees, the proceeds of the policy were made payable fifty per cent to Donaldson's mother, plaintiff Marguerite May Donaldson, and fifty per cent to his widow, Elmira Donaldson Lucker, the intervenor, for the benefit of their three minor children. The government argues that the judgment in favor of the plaintiff was therefore in reality only five thousand dollars, and that the attorney's fee allowed her counsel thus constituted twenty per cent of the award, which is more than is permitted under the statute.

We find no merit to this contention. The statute[3] provides that attorney's fees are not to exceed ten per cent of the amount recovered. The amount recovered by the plaintiff, Mrs. Donaldson, was ten thousand dollars. The attorney's fee was deducted from this amount, and did not exceed the statutory limit. The balance, "*after deduction of attorney's fees*," was distributed according to the settlement agreement. We find no violation of the statute in this procedure.

The judgment of the district court is in all respects

Affirmed.