**Mary KOTISHION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 16005.**

United States District Court
E. D. Pennsylvania.

April 29, 1958.

Charles L. Casper, Wilkes-Barre, Pa., John J. Bodley, Doylestown, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., for defendant.

WATSON, District Judge.

This action arises under the Act of October 8, 1940, C. 757, Title VI, Part I,

Section 618, 54 Stat. 1014, as amended; Title 38 U.S.C. § 801 et seq., 38 U.S.C.A. § 801 et seq. Mary Kotishion, the plaintiff, seeks to recover, from defendant, the proceeds of two National Service Life Insurance policies which were issued upon the life of her son, Stephen Kotch, during his period of service with the armed forces of the United States. Stephen Kotch, who died in 1951, had named his mother, the plaintiff, as principal beneficiary in both policies, but the United States refused to pay the proceeds of the policies to plaintiff on the grounds that the policies had lapsed during the lifetime of the insured and that application for waiver of premiums had not been timely made. Plaintiff now seeks relief from this finding of the Veterans Administration.

Counsel for plaintiff and for defendant have stipulated and agreed that the record of the proceedings before the Insurance Hearing Board of the Veterans Administration in Wilkes-Barre, Pennsylvania, on May 20, 1952, should be submitted to the Court in lieu of direct testimony as to any factual issue in this case. Accordingly, this Court will confine its findings of fact to those adduced before that board and to facts admitted in the pleadings.

### Findings of Fact

1. On or about December 30, 1942, Stephen Kotch entered the active service of the armed forces of the United States.

2. On January 8, 1943, he was granted a Policy of National Service Life Insurance No. FN 550–78–10 in the sum of $5,000. On February 19, 1943, he was granted an additional policy of National Service Life Insurance No. N 856–01–39 in the sum of $5,000.

3. In each of said Policies, Mary Kotishion, the mother of Stephen Kotch, was named as principal beneficiary and his father, George Kotishion, was named as contingent beneficiary.

4. Stephen Kotch paid premiums on Policy No. FN 550–78–10 up to and including February 7, 1949, and paid premiums on Policy No. N 856–01–39 up to and including February 18, 1949.

5. While said Policies were in full force and effect, Stephen Kotch became totally and permanently disabled, for insurance purposes, as a result of acute rheumatoid arthritis.

6. As a result of said illness, Stephen Kotch died on September 12, 1951, in the Veterans Administration Hospital in Wilkes-Barre, Pennsylvania.

7. Application for waiver of premiums on the above-mentioned policies was made on Va Form 9–357C and filed on June 9, 1951.

### Discussion

The decedent, Stephen Kotch, entered the service of the armed forces of the United States in 1942 and, within two months of his entry into service, he was granted two policies of National Service Life Insurance in the total sum of $10,000. His mother, Mary Kotishion, was named as principal beneficiary. After his discharge from the armed forces, Kotch continued his insurance and he paid the premiums on one of the policies up to and including February 7, 1949 and up to and including February 18, 1949 on the other. The Veterans Administration found that he had become totally and permanently disabled for insurance purposes as of January 10, 1949 and that he was so disabled up to the time of his death on September 12, 1951. Application for waiver of premiums was made on June 9, 1951, approximately two and one-half years after the insurance had lapsed and approximately three months before his death. The application was rejected on the ground that it had not been timely made. The plaintiff now seeks relief in this Court.

The sole question before the Court is whether or not the decedent was prevented from making timely application as provided in the Act because of circumstances beyond his control or for some other reason. If the Court determines that the veteran was prevented from filing an application for waiver of

premiums because of circumstances which were beyond his control, the Act clearly provides that the failure to make timely application will not prevent the insurance from continuing in full force and effect and, in this case, it would mean that plaintiff is entitled to recover the proceeds of both policies of insurance.

■ Counsel have stipulated and agreed that certain records and documents of the United States government may be considered as evidence without the supporting testimony of the custodian of said records. Included among these records are several clinical reports of various Veterans Administration hospitals in which decedent had been a patient. It is made manifestly clear from these records that the decedent had undergone great pain and suffering as a result of his illness and that his physical mobility was greatly reduced. There is ample testimony in the record of the hearing before the Veterans Administration Board to demonstrate to the Court that the decedent had required almost constant care and treatment and that he was unable to perform, unaided, even the most elemental human functions and the Court also is aware of the humanitarian purpose of the statute here involved. However, the Court cannot make findings of law which are unsupported by legal evidence.

■ The ostensible purpose of the statute is to relieve a veteran of financial burden at a time when his disability precludes gainful employment. It is unlikely that an insured would, when totally and permanently disabled, fail to avail himself of the benefits which were so close at hand. The Court believes that, where an insured is totally disabled and fails to make timely application for waiver of premiums, careful consideration must be given to the reasons, if available, for failure to make such application.

In Horton v. U. S., 5 Cir., 1953, 207 F.2d 91, certiorari denied 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403, the Court stated that in order for an insured to claim a condition of health as a circumstance beyond his control which prevented the timely application for waiver of premiums, it must be shown that the insured was mentally incapable of making such application. We believe this to be the proper view despite our sympathetic view of the evidence and facts in this case.

■■ Nowhere in the instant case has it been shown that the insured was mentally incapable of making application for waiver of premiums and in the absence of such showing, the Court must conclude that the insured failed to make application for reasons unknown to the Court. Any other conclusion would be based upon conjecture and guesswork. Plaintiff's rights cannot rise higher than those of the insured under the Act involved in this case and, therefore, the beneficiary's application for waiver of premiums cannot operate to revive the policies. Gossage v. U. S., 6 Cir., 229 F.2d 166. Linton v. U. S., 5 Cir., 227 F.2d 254.

### Conclusions of Law.

1. Stephen Kotch, the insured under National Life Insurance Policies Nos. FN 550–78–10 and N 856–01–39, failed to make timely application for waiver of premiums on said policies of insurance as provided under 38 U.S.C. § 801 et seq., 38 U.S.C.A. § 801 et seq.

2. The failure of Stephen Kotch to make timely application for waiver of said premiums was not due to circumstances beyond his control as required under Section 802(n) of Title 38 U.S.C., 38 U.S.C.A. § 802(n).

3. The Complaint filed by Plaintiff Mary Kotishion will be dismissed and judgment will be entered in favor of the Defendant, United States of America and against the Plaintiff, Mary Kotishion.