Alberta **ROBINSON**, Edward McGee and Mrs. Emma McGee in behalf of the minors Emma Joan Banks and George Banks

v.

The **UNITED STATES**.

Civ. A. No. 13077.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 20, 1967.

John E. Peltier, Jr., New Orleans, La., for plaintiffs.

Frederick Veters, Asst. U. S. Atty., New Orleans, La., for defendant.

## MEMORANDUM OF DECISION

COMISKEY, District Judge.

The plaintiffs are the beneficiaries under two national service life insurance policies issued to the deceased veteran in 1942 and 1944. At the time of discharge from the army in 1945, he was suffering from a service connected disability, tuberculosis, and paid no premiums on these two policies, with one irrelevant exception, from December 1, 1945 to the time of his death. From December 1, 1945 until February 28, 1951, the veteran enjoyed a waiver of premiums because of his continuous total disability. The fact of this disability was well policed by the Veterans Administration as the record shows that he was regularly re-examined from 1947 through 1950. Each time the continuous total disability was found to still exist until his examination in October of 1950 which resulted in advice to the veteran on February 28, 1951 that his disability had ceased and he would have to start paying premiums, which he never did. Finally, he died on November 30, 1961 and now the beneficiaries of these lapsed policies are seeking the proceeds.

The theory of the plaintiffs' claim, first, is that the October, 1950 Veterans Administration examination of the insured which caused a cancellation of his premium waiver was an erroneous decision and actually the veteran was still disabled. A review of this decision is therefore asked for in this suit, which comes some twelve years after the V. A.'s examination. Second, if such a review to re-determine his disability twelve years ago cannot be had in these proceedings, then the plaintiffs rely on an application for waiver of premium on behalf of the decedent on the grounds that he would have filed such a waiver timely, but was prevented "due to circumstances beyond his control," 38 U.S.C. § 712(b). Third, the plaintiffs further contend that if the case does not show "circumstances beyond his control," then they should be able to file an application for waiver of premiums within one year after his death which they allege they have done. 38 U.S.C. § 712(c).

We reviewed the re-examination of the insured in October, 1950 by the Veterans Administration medical staff and others which is in the record, and on its face cannot conclude that the Veterans Administration was in error in deciding that the veteran's continuous total disability had ceased. We cannot just substitute our judgment for it now, some seventeen years later. In fact, the Court should not review the determination by the Veterans Administration at all since the veteran did not choose to review it, and, in fact, acquiesced in the Veterans Administration's determination when he made a subsequent application for reinstatement of the lapsed policies on a comparative health basis. The application was denied for various reasons and the premium accompanying his application for reinstatement was refunded to the veteran.

We cannot find any "circumstances beyond the veteran's control" which prevented him from making an application for waiver of premium while he was alive. He made an infirm application for reinstatement of the lapsed policies and the evidence shows that while he was illiterate, he had the services of a fairly able daughter who looked after whatever business affairs he had. The plaintiffs evidence of the decedent's illiteracy, illness and unemployment

would not in itself constitute such "circumstances".

■■ The last grounds for recovery, namely, that the plaintiffs have made application for waiver of premium within one year after the veteran died, is of no avail since they only have what rights the decedent had. His last date for an application to waive premium would have been one year after April of 1951 as to one of the policies and May of 1951 as to the other policy, unless the veteran could have cleared the hurdle of "circumstances beyond his control", which we disallow. Gossage v. United States, 229 F.2d 166 (6th Cir., 1956) held that beneficiaries of N.S.L.I. have no right to apply for waiver of premiums superior to the rights which the insured had at the time of his death, and if at the time of the insured's death he had lost his right to obtain a waiver due to lapse of time, then the beneficiaries' application for such waiver could not be granted. In fact, even if the decedent were still living, it would be too late for him to apply for a premium waiver which would have kept the policies from lapsing since 38 U.S.C. § 712(b) enjoins the Veterans Administration from granting a waiver of any premium which might have become due more than one year before the application for premium waiver is made. The veteran's best approach would have been to file a new application for premium waiver within one year from the dates on which the two premiums were due, namely, on April 1, 1951 and May 1, 1951, and his failure to apply for such a premium waiver is fatal to the plaintiff's cause of action. Horton v. United States, 207 F.2d 91 (5th Cir., 1953) cert. den. 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403 (1953) covers most of the points raised by the plaintiffs in this case and decides all adversely.

■ Another ground for "circumstances beyond the veteran's control" urged by the plaintiffs is that the veteran was suffering from a progressive case of arterio-sclerosis which the Coroner determined was really the cause of death and therefore, he could have sought a waiver of premiums due to this condition, but the condition was unknown to him. There is nothing in the record that arterio-sclerosis caused him to suffer a continuous total disability to justify a premium waiver.

Accordingly, the plaintiffs' suit is dismissed. All parties shall bear their own costs. The Clerk shall prepare a judgment accordingly.